

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Wayne Lefevre
County Auditor
Clay County
Henrietta, Texas

Dear Sir:

Opinion No. O-1040
Re: Is the county attorney to re-
present the county in condemna-
tion proceedings in cases where
the county is the plaintiff?

Your request for an opinion on the above stated
question has been received by this office.

Your letter reads in part as follows:

"Is the County Attorney to represent
County in Condemnation proceedings in cases
where the County is the plaintiff? If he
is, what additional fee is allowed by law?"

Article 5, Section 21 of the state constitution
provides:

"....The county attorneys shall repre-
sent the State in all cases in the District
and inferior courts in their respective
counties; but if any county shall be includ-
ed in a district in which there shall be a
district attorney, the respective duties of
district attorneys and county attorneys shall
in such counties be regulated by the Legisla-
ture...."

The above quoted provision of the constitution
has been construed as not prescribing the duties of the
district attorney nor any duties for county attorneys
other than such as are required to be performed for the
state. Nor does it give the county attorney authority
to institute a proceeding unless he is given that power

by statute. The term "duties" as used in the constitutional provision above set forth has been declared to comprehend the further idea of power or authority; and hence the county attorney is said to have no authority to perform any act in respect to which no duty has been made to devolve upon him. Spencer vs. Galveston County, 56 Tex. 384; Wexler vs. State, 241 SW 231; Duncan vs. State, 67 SW 903.

The respective duties of the district and county attorneys in criminal proceedings are declared by statute, namely, Article 25-32, Code of Crim. Proc., inclusive.

The chief purpose of the constitution, in creating the offices of district attorney and county attorney, was to make it the main function of these officers to prosecute criminal cases, as stated by the Supreme Court in the case of Brady vs. Brooks, 89 SW 1052. However, the Legislature has from time to time conferred additional duties upon the county and district attorneys, but no authority is found in the statutes that makes it the duty of the county attorney to represent the county in condemnation proceedings in cases where the county is either the plaintiff or the defendant.

On September 11, 1934, this department held in effect in an opinion written by Hon. Julius F. Franki, Assistant Attorney General, addressed to Hon. O. C. Fisher, County Attorney, San Angelo, Texas, that the county commissioners' court has the implied authority as general manager of county business, to retain private counsel in the prosecution of civil suits involving county matters generally. And further holding that there are no statutory provisions making it the duty of the county attorney to represent the county in condemnation proceedings or trespass to try title and injunction suits, and that the county commissioners' court would have the authority to appropriate out of the general fund of the county to pay the attorneys hired to represent the county in such proceedings.

In the cases of Jones vs. Beltman, 171 SW 287 and Lattimore vs. Tarrant County, 124 SW 205, it was held that the commissioners' court may lawfully employ the county attorney to represent the interest of their county in any cause

where such duty is not enjoined upon him by law.

You are respectfully advised that it is the opinion of this department that the statutes impose no duty upon the county attorney to represent the county in condemnation proceedings. You are further advised that the commissioners' court may contract with the county attorney to represent the county in condemnation proceedings and compensate him as per contract.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED JUL 7, 1939

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY ____
CHAIRMAN