

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~ XX
**ATTORNEY GENERAL**

Honorable Joe A. Faucett
County Attorney
Howard County
Big Spring, Texas

Dear Sir:

Opinion No. 0-3376

Re: Procedure the Tax
Assessor-Collector should
follow to be able to
count the cattle on
pastures located in said
tax assessor-collector's
county

You request the opinion of this Department on the facts set out
in your letter as follows:

"Reference is made to Opinion 0-1489, relative to the right of the
tax assessor-collector of Howard County, Texas, to count cattle
in his county and in county line pastures for the purpose of
assessment for taxation.

"It is apparent from your opinion, and from the decisions of the
courts and articles of the statutes, quoted in your opinion, that
it is not only his perrogative to enter pastures for the purposes
of counting cattle for assessment and taxation, but it is his
duty to do so.

"Please be so kind as to advise me of the status of the tax
assessor-collector should he be 'formally' denied the right to
enter certain pastures for such purpose, and should the land
owner, in fact, enclose the pasture with a substantial fence,
which fence is equipped with gates bearing locks to prevent entry
by the tax assessor-collector.

"The tax payer does not fail or refuse to make a rendition, but
on the contrary, is very obliging in doing so, and has done so.
Our assessor-collector feels that many cattle on certain premises
are secreted in valleys below, and are forgotten when rendition
time appears. He would like to challenge the rendition before
the board of equalization, but does not have information suffi-
cient to warrant such a step.

"I have advised him that I did not have any idea that we would place him in jail for an entry for such purposes (should he be able to find the fence down somewhere), since he surely does not have the intent to commit a felony upon his entry, and I have further advised him that I could not find any Civil Liability by his entry, unless he is negligent in some of his activities, causing damages, while upon the premises.

"We would appreciate your opinion as to the proper procedure to use in ascertaining the number of cattle on premises under these circumstances, so that our assessor might be in a position to challenge the rendition of the tax payer before the board of equalization. What is his status should he make a forceful entry, such as pulling the fence down, etc., or making any type of forbidden entry?"

In our opinion No. 0-1489 we state as follows:

"From the above quoted statute, it is clear that the Legislature has made it the duty of the Tax Assessor to determine and ascertain the amount and value of all personal property in his county and to see that the same is assessed for taxes. It is a cardinal principle of law that where a duty is placed upon an officer, he is also given the power and authority to do that which is neces - sary for the performance of that duty. See the cases of Terrell v. Sparks, 135 S. W. 519; Spencer v. Galveston, 56 Tex. 384; Callaghan v. McCown, 90 S.W. 319.

"It is necessary that the Tax Assessor have the power to go on pastures to count cattle in order for him to be able to ascertain the amount and value of said cattle. To hold otherwise, would be to force him to rely solely upon the word of the taxpayer. It is doubtful if under such a method taxes would be assessed equally and uniformly."

In the above quoted opinion this Department ruled that it is the duty of the tax assessor-collector to go on pastures to count the cattle located thereon in order that the cattle may be properly assessed. We do not believe that any taxpayer has a legal right to interfere with this performance of the tax assessor-collector's duty. Article 4669 reads as follows:

"The full right, power and remedy of injunction may be invoked by the State at the instance of the county or district attorney or Attorney General, to prevent, prohibit or restrain the vidation of any revenue law of the State."

It is our opinion, therefore, that the proper procedure is for the tax assessor-collector to request the taxpayer to allow him admittance to the pastures for purposes of counting the cattle. If the taxpayer refuses to do so we believe the proper procedure

Honorable Joe A. Faucett, Page 3, O-3376

is for the County Attorney to file suit in court asking that such taxpayer be enjoined from interfering with the tax assessor-collector in the performance of his duty.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Billy Goldberg

By          Billy Goldberg
                 Assistant

BG:Lh/cge


APPROVED APRIL 30, 1941
s/ Glenn R. Lewis
ACTING ATTORNEY GENERAL OF TEXAS


APPROVED OPINION COMMITTEE
By BWB, Chairman

O.K.
GRL