

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 6, 1961

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas

Opinion No. WW-1007

Re: Whether the County Health
Officer of Harris County is
authorized to enter into,
examine, investigate, in-
spect and view any ground,
public building, factory,
slaughter house, etc., and
any other public place where
he deems it proper for the
enforcement of the rules of
the sanitary code for Texas
and of any health law, sani-
tary law or quarantine regu-
lation of this State?

Dear Mr. Resweber:

You have requested our opinion concerning the authority
of the County Health Officer of Harris County, Texas. In your
letter of request you ask the following question:

Whether the County Health Officer of
Harris County is authorized to enter into,
examine, investigate, inspect and view any
ground, public building, factory, slaughter
house, etc., and any other public place where
he deems it proper for the enforcement of the
rules of the sanitary code for Texas and of
any health law, sanitary law or quarantine
regulation of this State?

Before discussing and answering your question, we wish
to make it clear that this opinion does not purport to define
the complete realm of authority and all duties of a county
health officer, but is limited in scope to the specific ques-
tion asked.

As we interpret your question, you are primarily concern-
ed with whether the County Health Officer of Harris County has

the general authority to enter into or upon premises to inspect, investigate and examine such premises for purposes of discovery or suppression of disease and for the enforcement of the health laws of this State.

County Health Officers are creatures of the Legislature. The office exists solely by virtue of legislative enactment. Consequently, a county health officer has no powers or duties other than those devolved upon him by the Legislature. The Supreme Court of Texas has stated this well recognized rule at page 425 of the opinion in Bryan v. Sunderberg, 5 Tex. 418 (1849):

> ". . . The officer must look to the act by which his office is created, and its duties are defined to ascertain the extent of his powers and the line of his duties; and he is not at liberty to transcend the former or to vary the prescribed mode of performance of the latter. . . ."
> /Quoted with approval in Spencer v. Galveston County, 56 Tex. 384 (1882); Crosthwait v. State, 135 Tex. 119, 138 S.W.2d 1060 (1940)./

Article 4420 of Vernon's Civil Statutes is specifically directed to the powers which you inquire about, and reads as follows:

> "The members of the State Board of Health or any person duly authorized by them, upon presentation of proper authority in writing, are hereby empowered, whenever they may deem it necessary in pursuance of their duties, to enter into, examine, investigate, inspect and view any ground, public building, factory, slaughter house, packing house, abattoir, dairy, bakery, manufactory, hotel, restaurant and any other public place and public building where they deem it proper to enter for the discovery and suppression of disease and for the enforcement of the rules of the sanitary code for Texas and of any health law, sanitary law or quarantine regulation of this State."

Pursuant to this Article, the State Board of Health on the 13th day of June, 1954, passed the following resolution:

> "'NOW, THEREFORE, BE IT KNOWN that the Board of Health of the State of Texas, by law duly established and acting by a majority of its members duly

appointed, confirmed, qualified and commissioned under the law, has authorized and empowered and does hereby authorize and empower L. D. Farragut, M.D., County Health Officer of Harris County, Texas, W. A. Quebedeaux, Ph. D., Deputy County Health Officer of Harris County, Texas, and Director of the aforesaid Stream and Air Pollution Control Section of the Harris County Health Unit, and any and all other Deputy County Health Officers acting for, with, or under the direction of the aforesaid L. D. Farragut or W. A. Quebedeaux, to enter into, examine, investigate, inspect and view any ground, public building, factory, slaughter house, packing house, abbattoir, dairy, bakery, manufactury, hotel, restaurant or any other public place and building, when they deem it necessary and where they deem it proper in pursuance of their duties to discover and suppress disease and to enforce the sanitary code of Texas and any health law, sanitary law or quarantine regulation of the State, to the full extent of the authority conferred upon the State Board of Health by Article 4420, V.A.C.S.'"

This resolution authorized the County Health Officer of Harris County, Texas, to exercise the exact powers you have inquired about and it remained in full effect until rescinded by resolution of the State Board of Health on the 15th day of June, 1959. In the absence of the specific authorization of the State Board of Health, the powers enumerated by Article 4420, Vernon's Civil Statutes, may not be exercised by the County Health Officer of Harris County, Texas. We must then look elsewhere to find such authority, if it exists.

The statutory duties of a County Health Officer are set forth in Article 4427 of Vernon's Civil Statutes, as follows:

"Each county health officer shall perform such duties as have been required of county physicians, with relation to caring for the prisoners in county jails and in caring for the inmates of county poor farms, hospitals, discharging duties of county quarantine and other such duties as may be lawfully required of the county physician by the commissioners court and other officers of the county, and shall discharge any additional duties which it may be proper for county authorities under the present laws to require of county physicians; and, in addition

thereto, he shall discharge such duties as shall be prescribed for him under the rules, regulations and requirements of the Texas State Board of Health, or the president thereof, and is empowered and authorized to establish, maintain and enforce quarantine within his county. He shall also be required to aid and assist the State Board of Health in all matters of local quarantine, inspection, disease prevention and suppression, vital and mortuary statistics and general sanitation within his county; and he shall at all times report to said State board, in such manner and form as it shall prescribe, the presence of all contagious, infectious and dangerous epidemic diseases within his jurisdiction; and he shall make such other and further reports in such manner and form and at such times as said State board shall direct; touching on such matters as may be proper for said State board to direct; and he shall aid said State board at all times in the enforcement of its proper rules, regulations, requirements and ordinances, and in the enforcement of all sanitary laws and quarantine regulations within his jurisdiction."

We find no language in this Article, or any other Article, which gives county health officers the broad general power inquired about in your request. It should be noted in this connection, however, that county health officers are required to discharge "such duties as may be lawfully required of the county physician by the commissioners court and other officers of the county" and further that "he shall discharge such duties as shall be prescribed for him under the rules, regulations and requirements of the Texas State Board of Health."

We have no knowledge of any action which may have been taken by the Commissioners Court of Harris County pursuant to Article 4427 and, therefore, decline to comment in this respect. We have ascertained that the only action by the State Board of Health has been that set forth above.

Therefore, you are advised that we concur with your conclusion that the County Health Officer of Harris County, Texas,

does not have the general authorization of entry and inspection which you have inquired about, and your question is hereby answered in the negative.

We would here point out that we do not hold that the County Health Officer of Harris County, Texas, does not have statutory authority to enter into or upon private or public premises in connection with the duties of his office under any circumstances. We merely hold that he has, at this time, no such general authority and we will not attempt to discuss or point out those specific instances in which he is authorized, other than by referring you, by way of example, to Rules 18 and 19 of Article 4477 of Vernon's Civil Statutes:

"Rule 18. Authorities to investigate reported cases. - Whenever a local health authority is informed or has reason to suspect that there is a case of smallpox, scarlet fever, or other reportable disease within the territory over which he has jurisdiction, he shall immediately examine into the facts of the case and shall adopt the quarantine or employ the sanitary measures as herein provided. (Emphasis ours)

"Rule 19. Shall see that quarantine and disinfection is carried out. - Within his jurisdiction, each and every local health authority shall see that the quarantine or disinfection of any house, building, car, vessel, or vehicle, or any part thereof, and of any articles therein likely to retain infection, is carried out, and that all persons who have been in quarantine are required to take a disinfecting bath before the same are released. In the event of the disease having been smallpox, all persons exposed shall be isolated for eighteen days from the time of last exposure unless successfully vaccinated." (Emphasis ours)

## S U M M A R Y

The County Health Officer of Harris County, Texas, does not have general authority to enter into, examine, investigate, inspect

and view any ground, public building, factory, slaughter house, etc., and any other public place where he deems it proper for the enforcement of the rules of the sanitary code for Texas and of any health law, sanitary law or quarantine regulation of this State.

Yours very truly,

WILL WILSON
Attorney General of Texas

By W. O. Shultz
Assistant

WOS:mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Lawrence Hargrove
Bob Eric Shannon
William H. Pool, Jr.
Jerry H. Roberts

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Morgan Nesbitt