[465] JAMES INGRAHAM AND MARGARET, HIS WIFE, FORMERLY MARGARET NUNER, ADM'X OF W. NUNER, vs. A. ROGERS, GUARDIAN OF THE HEIRS OF W. NUNER — Appeal from Victoria County.

It is competent for the judge of probate, at any time before the final settlement of an administration, to correct errors which he may discover in the accounts previously rendered by the administrator, and allowed.

The allowance of such accounts is not *res adjudicata* until a final settlement.

This was an appeal from the probate court of Victoria county to the district court, and subsequently from the judgment of the district court to this court.

The probate judge, by his order entered upon the minutes of the court, allowed the appellant, Margaret, who was the widow and administratrix of W. Nuner, deceased, four hundred and sixty dollars, for the support of herself and family during the first year after the death of her husband. At a subsequent term of the court this order was rescinded, and the allowance revoked, and from which decision the administratrix appealed to the district court, but ultimately dismissed the appeal without bringing it to trial, and charged the amount against the estate in her administration account.

Upon the settlement of the account in the probate court this item of $460 was rejected. There was also another class of items presented in a separate account called exhibit B. These related principally to money alleged to have been collected by Nuner in his life, which was the separate property of his wife, but which he appropriated to his own use. Most of these items were also rejected by the court, and exceptions taken to the decision rejecting them. The administratrix appealed to the district court.

At the trial in the district court, the judge refused to

[466] permit any testimony to go the jury in reference to the item of four hundred and sixty dollars, upon the ground that the judgment of the probate court in rejecting the items in exhibit B was alone brought to the consideration of the district court by the appeal. To this decision an exception was taken, and the cause was finally brought into this court by appeal from the district court.

*Newcomb* and *F. Jones*, for appellants.

*A. S. Cunningham*, for appellee.

Mr. Justice LIPSCOMB delivered the opinion of the court.

This was an appeal from the order of the probate judge of Victoria, on a settlement of the accounts of an administratrix, in which was involved the claim of the wife to certain sums as her own separate money before marriage. These items were embraced in an exhibit marked B, and the rejection by the probate judge of these particular items was believed by the district judge to have been the order appealed from by the appellants; and on the trial in the district court, the appellant was confined to them, and not permitted to go into an examination of any other accounts. On an examination of the record we cannot perceive that the court erred in so doing, as it appears that the appeal was taken from that decision alone. The administration had been a long time in progress, and the administratrix was frequently before the probate court, but it does not appear that a final settlement was at any time attempted; but different orders were sought for by the administratrix, and allowances made from time to time; at one time, the court made an allowance of a sum of money for the support of the family, the first year after the death of the intestate, and afterwards set aside this allowance, and had it stricken from the account of the administratrix. The counsel for the administratrix excepted, and also made exceptions to other orders of the [467] probate judge in relation to the accounts of the administration, and appealed, as we believe, from the record, from these orders, to the district court, and subsequently to the appeal getting into the district court, dismissed their appeal; and it was after this that the order rejecting the cred-

its claimed in the exhibit mentioned was made, from which the appeal that has found its way into this court was taken. In the district court the appellants attempted to bring up the matter of the former action of the probate judge for revision, in which they were overruled. If their appeal had been taken from the final settlement of the probate court, these rejected accounts could have been presented for revision in the district court, and if not previously adjudicated on in that court, on an appeal in which they had been embraced, could again have demanded a hearing on the proof; but in this case the appeal to the district court was not from the final settlement; it was from a particular order only. The district court was therefore right in confining the trial to the matter appealed from. We will further add, that we see no irregularity in the order of the probate judge correcting and reforming the account of the administratrix. If the judge discovered at any time before final settlement with the administratrix, that an item had been allowed improperly, it was not only competent, but was his duty to make the correction. The allowance of the amount was not *res adjudicata* until a final settlement. There was another exception to two of the jurors, who, it seems, were put on their *voir dire*. This, however, is not relied on by the appellants, and it is presumed to be abandoned. The case seems to have been put to a jury fairly on the law, as we believe, and they were the judges of the facts. Their verdict in favor of the defendants, and in accordance with the decision of the probate judge, ought not to be lightly set aside. From the statement of facts sent up, we are not prepared to say that the finding of the jury was contrary to the evidence, and we must affirm the judgment.