R. M. JOHNSON, GUARDIAN, ETC., v. W. M. WILCOX.

*(Case No. 4156.)*

1. PRESUMPTIONS — PROBATE MATTERS.— A decree of the probate court having general jurisdiction of the subject matter, attempted in a manner apparently irregular, to make a partial partition of an estate; there was no appeal, or other direct proceeding to vacate it,—no charge of fraud against the administrator, and the records had been destroyed by fire. Eight years afterwards, in a contest between one of the heirs and the administrator over his application for discharge, the validity of the order was attacked, and an effort made to charge the administrator with rents and profits of land partitioned under the decree, the same having been superseded by a subsequent decree dividing the entire estate. *Held,*

    1. Every reasonable presumption should, under the circumstances, be indulged in favor of the decree.

    2. The decree was sufficient to protect the administrator against the claim of the heirs for rents and profits, of property taken from his possession under it.

2. PRACTICE.— See case for circumstances under which the court reversed and rendered judgment based on a special verdict.

APPEAL from Milam. Tried below before the Hon. Spencer Ford.

Suit brought by R. M. Johnson, guardian of W. M. Wilcox, a minor heir of C. G. Wilcox, deceased, against W. M. Wilcox, administrator of the estate of C. G. Wilcox. W. M. Wilcox was appointed and qualified as administrator of this estate, by the county court of Milam county, Texas, on the 30th day of March, 1868. At the November term, 1876, of the court, the administrator filed his final account, representing how he had administered upon the estate, and showing in his possession the sum of $1,825.47, and no other property; he sought an approval of his account, distribution of the money amongst the heirs, and a final discharge from the duties and obligations of administrator.

R. M. Johnson, guardian of the heir, appeared and filed objections on the part of the heir to the administrator's final account. At the January term, 1877, the administrator

amended his final exhibit, representing additional disburse-
ments, and showing $1,525.49 on hand for distribution.  Sub-
sequently the cause was tried in the county court, resulting in
a judgment for the administrator.  From this judgment the
plaintiff, R. M. Johnson, guardian, appealed to the district
court for a trial *de novo*.  In the district court various plead-
ings were filed by appellant and appellee, not necessary to de-
scribe.  At the April term, 1879, the cause was repleaded as
to the objections urged by appellant to the final account.

The questions concerning which it was claimed the court
below erred in its action, arose on the pleading contained in
the second and third counts of plaintiff's fourth amended
original petition, the answer of defendant thereto, plaintiff's
demurrer to the answer, his second supplemental petition, and
the evidence offered relating to such pleading.

Plaintiff alleged in substance in his second count, that on
or about the first day of October, 1867, one Mary K. Wilcox,
Hugh W. Davis and Dan. Wilcox took possession and con-
verted to their own use, 150,000 pounds of cotton and about
3,000 bushels of corn, the property of the estate of C. G. Wil-
cox, deceased, the same having been raised during the year
1867 on a certain plantation belonging to the estate situated
in Milam county, Texas, and being a part of the D. B. Friar
league; that by so doing the parties became liable to the es-
tate, and that the estate had a just claim against them for the
value of the said cotton and corn at the time and place where
it was so taken and converted, which plaintiff alleged was
thirty cents per pound for the cotton, or in the aggregate
$4,400, and $2,000 for the corn; that when W. M. Wilcox
was appointed administrator of the estate, on the 30th day of
March, 1868, he well knew these facts; that there was then a
reasonable prospect that the administrator could have collected
the claim; that he never used ordinary diligence to collect the
same, and that, by reason of his negligence, he became liable
and bound to pay to the state the value of the claim; plaint-
iff prayed for judgment accordingly, and that the administra-

tor's final account be restated, and he be charged with the same.

Plaintiff alleged in substance in his third count that when the said W. M. Wilcox was appointed and qualified as administrator of the estate, on the 30th day of March, 1868, there was belonging to the estate a plantation containing 861 acres of land, situated in Milam county, Texas, which was duly inventoried by the administrator as part of the property of the estate; that the disposition of the plantation was not directed by will, C. G. Wilcox having died intestate; that the same was not required to be sold for the payment of claims of any kind against the estate and was not so sold, but remained in the possession and control of the administrator about six years, from the 4th day of May, 1868, till the 10th day of September, 1873, when the real estate in administration was partitioned amongst the heirs; that the administrator did not at any time apply to the probate court for any order to carry on or rent the plantation for the benefit of the estate, as was his duty by law to do. By reason of which plaintiff alleged that the said W. M. Wilcox became liable and bound to pay the value of what the plantation would have reasonably produced during the time it was in his possession or control as administrator, which plaintiff alleged was $30,000, and prayed that the account be restated by the court and the administrator charged with this amount.

Defendant filed a general demurrer and denial. The demurrer was overruled by the court. Defendant, after specially denying several matters alleged by plaintiff, further answering plaintiff's second count, alleged in substance by way of confession and avoidance, that there was only about 30 bales of cotton and 500 bushels of corn raised on the said plantation during the year 1867; that in the fall and winter of 1867 cotton and corn were very low priced; that the proceeds of the same was not more than sufficient to pay the expenses of making and gathering it; that Mrs. Mary K. Wilcox, surviving wife of deceased, remained on said farm after the death of

deceased, and settled up all the business on the farm, and appropriated the proceeds of crops to the payment of the indebtedness, and that there was nothing left which defendant could take possession of or charge any one with. That even had there been any surplus of the said crop of 1867, then Mrs. Mary K. Wilcox would have been entitled to the same for a year's support.

Defendant answering plaintiff's third count concerning the rental of the plantation for six years, alleged in substance that the 861 acre tract on the D. B. Friar league in Milam county was, at the August term, 1868, of the probate court of Milam county, set apart and allotted to the said Mrs. Mary K. Wilcox as her community interest in the estate of herself and her deceased husband, C. G. Wilcox; that after the death of deceased, Mrs. Mary K. Wilcox continued to reside upon the above named farm, and that defendant in fact never had any possession or control of said farm of 861 acres in his fiduciary capacity as administrator.

Defendant by this pleading further amended his final exhibit by asking an allowance of $400 as attorney's fees for preparing and defending this suit; $37.20 of which he alleged he had paid, and that he was due to Messrs. Hamman & Adams the balance, $363.80.

Plaintiff filed general and special demurrers to defendant's answer, denied that the administrator had paid the items for which he sought allowance, and alleged that the same were unnecessary and excessive and should not be allowed by the court. Plaintiff's demurrers were overruled by the court, and the cause was tried on these issues.

The trial resulted in a verdict for plaintiff as to certain items which the administrator claimed credit for in his exhibit that were rejected by the court. All the other issues, among which were those presented above, were found for the defendant.

It appeared from the evidence that the records of the probate court of Milam county were burned in 1874. F. M. Adams testified to a copy of the proceedings of that court at

its August term, 1868, from which it appeared that Wm. M. Wilcox, the administrator, at that term filed his petition, in which he stated that there were no outstanding debts against the estate, and but a small amount due it. He represented that the heirs were five in number (naming them), one of whom was the minor R. M. Wilcox, and prayed for the appointment of certain persons named to act as commissioners to divide the property situate in Milam and Williamson counties into five equal portions. This petition was signed by W. H. White, as attorney for Wm. M. Wilcox.

At the same term of the probate court an order was entered that "eight hundred and sixty-one acres of land lying in Milam county, it being the homestead tract, on which the widow of said deceased now resides, be set aside for a part of her separate property, at the rate and price of five thousand one hundred and sixty-one dollars, which shall be charged against her, on the final partition, as part of her one-half of the community property in said estate, and that the administrator; Wm. M. Wilcox, be ordered to give her a title to the same."

The appellee testified that the order was applied for through his direction; that he wrote to R. M. Johnson about it; that he did not know of any citation being issued to any one in the proceeding, and that Mrs. Mary K. Wilcox did not, to his knowledge, file a bond conditioned for the payment of one-half of the community debts, etc.

It was in evidence that in 1873 W. M. Wilcox applied for a partition of the lands of the estate, including the 861 acre tract; that partition was made as prayed for and confirmed, no mention being made of the order of August, 1868; but the land was again set aside to Mrs. Wilcox.

*Carleton & Morris* for appellant.

I. The court erred in admitting in evidence over the objection of plaintiff the document purporting to be an application made by W. M. Wilcox, administrator, to the probate court of

Milam county, Texas, at its August term, 1868, for partition of the estate, and a writing purporting to be a copy of an order of the probate court of said county at said term, setting apart an 861 acre tract of land, the property of the estate, to Mrs. Mary K. Wilcox, as shown by plaintiff's bill of exceptions.

II. Said order should not have been admitted in evidence for the reason that the same was null and of no effect, because when said order was made there were other heirs who had rights in said property, and under said administration to be determined, and there was no jurisdiction or power in the court to make this order setting apart and withdrawing from administration without a regular partition of the estate among the heirs, a portion of the interest of the surviving wife in the community property of herself and her deceased husband. Pasch. Dig., arts. 1357, 1358, 1361, 1363; Withers *v.* Patterson, 27 Tex., 493; Anderson *et al. v.* Lockhart, Texas L. J., vol. 3, No. 32, and cases there cited; Shriver's Lessee *v.* Lynn, 2 How., 58.

III. Said order was null and void because the judge of the court had no power to partition real estate by acting alone in the manner attempted in this order, but only through the action of commissioners of partition in the way provided by law. Statutes as cited above; Littlefield *v.* Tinsley, 26 Tex., 357.

IV. The order was null and void because the court did not have the power attempted to be exercised by this act, to set aside a portion of the property to one of the parties interested, without a general decree in partition adjudicating the interest and setting apart the shares of the respective parties through the action of commissioners of partition. Statutes first cited; Newland *v.* Holland, 45 Tex., 589; Tibbs *v.* Allen, 27 Ill., 119; Aldridge *v.* Montgomery, 9 Ind., 302.

V. Said order was null and void because the court had no jurisdiction to make the same on the application of the administrator, or without an application being made therefor by the surviving widow in the manner provided by law. Pasch. Dig., art. 1363.

VI. Said order was null and void because there was no service on the parties, and the court had no jurisdiction over the parties. Authorities cited under the first proposition under this assignment; Littlefield v. Tinsley, 26 Tex., 357; Withers v. Patterson, 27 Tex., 493.

VII. The court had no jurisdiction to make said order setting aside to the surviving wife her interest in the community property of herself and her deceased husband until the surviving wife made an obligation conditioned for the payment of one-half of all the community debts existing against the community property. Pasch. Dig., art. 1363; Newhall v. Sadler, 16 Mass., 122; Thayer v. Thayer, 7 Pick., 209; Jenks v. Howland, 3 Gray, 536.

VIII. Said order was null and of no effect because it did not vest title in Mrs. Mary K. Wilcox to the land mentioned in it, but ordered the administrator to give her title, which he had no power in the law to do, and which the court could not authorize him to do, by an attempt to delegate its power. Pasch. Dig., art. 1363; Guilford v. Love, 49 Tex., 731.

*Hamman & Adams* for appellee.

I. The order is sufficient to sustain the conduct of the administrator in not taking control of the property as part of the estate of C. G. Wilcox, deceased, and protect him in this action for the rent of the farm.

II. Under the probate law of 1848, in force at the time the order was made (and the law is still the same), the heirs are not proper or necessary parties to a partition of the community property between the surviving wife and the estate of the deceased; the administrator represents the estate. Pasch. Dig., art. 1363.

III. In the absence of proof, presumptions are most liberally indulged in favor of the proceedings of a court of general jurisdiction; the decree of such a court will support itself, and cannot be collaterally impeached. Guilford v. Love, 49 Tex., 741; Pleasants v. Dunkin, 47 Tex., 355.

IV. In the absence of proof, it must be presumed that the bond which the law required the surviving wife to give, was given by Mrs. Wilcox. There is no proof about this matter, except that W. M. Wilcox, administrator, says " Mrs. Mary K. Wilcox did not, that I know of, file a bond."

V. The law did not require a bond. There were no community debts — no debts at all — at the time the order was made. The law required the bond to protect creditors only. Pasch. Dig., art. 1363.

VI. The fact that subsequently in a general partition to which no objection was made, but in which all parties now acquiesce as just and right, the same property was again set apart to Mrs. Wilcox, will not be held to avoid the former position under which parties acted and acquired rights, and to make them liable for so respecting it.


BONNER, ASSOCIATE JUSTICE. — There is no charge of fraud against the administrator, W. M. Wilcox, but simply that of negligent omission of duty, and that certain items for which he sought allowance were not proper credits.

Counsel for R. M. Johnson, guardian of the minor, R. M. Wilcox, who contests the account of the administrator, presents in his brief only three of the errors assigned, the first, second and fourth, and in argument presented the last two only.

The first alleged error, that the court erred in overruling plaintiff's demurrer and special exceptions to defendant's amended original answer, is considered immaterial, as it appears from the charge of the court that the guardian, on the trial below, had the privilege to introduce evidence in support of all the issues upon which he contested the account of the administrator.

The second assigned error is, that " the court erred in admitting in evidence over the objection of plaintiff the document purporting to be an application made by W. M. Wilcox, administrator, to the probate court of Milam county, Texas, at

its August term, 1868, for partition of the estate, and a writing purporting to be a copy of an order of the probate court of said county at said term, setting apart an 861 acre tract of land, the property of the estate, to Mrs. Mary K. Wilcox, as shown by plaintiff's bill of exceptions."

It is sought under this issue to make the administrator liable for rents and profits of a certain tract of land, which, by decree of the probate court, had been set apart to the surviving wife of his intestate, C. G. Wilcox, as her interest in the community property, under art. 1363, Paschal's Digest.

This decree was made in the regular course of administration upon the estate of C. G. Wilcox, deceased, by the probate court of Milam county, which had general jurisdiction of the subject matter.

There was no appeal or other direct proceeding to vacate it; no charge of fraud against the administrator or any one else in its procurement; and the records have been destroyed. Under these circumstances, the law would indulge in all reasonable presumptions in favor of its validity. Guilford v. Love, 49 Tex., 715; Fitch v. Boyer, 51 Tex., 336.

The question here presented is not so much whether the decree was sufficient to vest the absolute title to the half interest of the heirs of the deceased father to the land, in Mrs. Wilcox, or whether upon final partition she might not, if the decree was improperly made, be equitably chargeable with their half of the rents, but whether it was sufficient to protect the administrator against the claim of the heirs for rents and profits.

Thus considered, we are of opinion that the decree was not such an absolute nullity, that, so long as it remained unreversed, the administrator should, at the peril of being punished for contempt and removed from office for failure to obey it, be held responsible for the rents and profits of property thereby taken from his possession.

The fourth assigned error is, that " the court erred in overruling plaintiff's motion for a new trial, for all the reasons as set out in the said motion."

This assignment is not objected to as being too general, but issue is joined upon the only question presented under it, involving one of the material questions in the case. The proposition of the guardian under this assignment is, that "the verdict of the jury is contrary to the law and the evidence, in this: that it finds that defendant's final account was not just and correct, and restates the same, thereby showing the plaintiff's right to object and his success in objecting to the same, and notwithstanding, this finds the item of four hundred dollars paid by defendant to Messrs. Hamman & Adams as attorney's fees, to defend this suit."

Under this issue the court in both the general and special charge instructed the jury substantially, that if the account of the administrator as exhibited by himself was found to be correct, then the contest was improperly made and he should be allowed attorney's fees to defend the same; but if his account was not thus correct, but had to be restated, then he was not entitled to such fees.

No question was made as to the reasonableness of the amount of attorney's fees charged.

Although special issues were not submitted to the jury, their verdict is special as to the items and amounts found for and against the administrator. They allow him as a credit the sum of $688, "as per amended final exhibit." One item of this exhibit, as shown by the record and made by the administrator himself, is $363.80, "balance of fee due Hamman & Adams for preparing defense in this suit."

The exhibit of the administrator showed that he had previously advanced to these attorneys enough to make this fee $400.

The jury having found that the administrator in his exhibit had failed, by several hundred dollars, to charge himself with the proper amount due the estate, then under the charge of the court on the issue of attorney's fees, and which we think correctly announced the law in such cases, so much of the verdict as allowed the administrator this $363.80 was against the law and erroneous.

There being in the record certain *data* by which this part of the verdict can be separated and corrected without affecting its validity in other respects, and as the object of the verdict in such cases is to enable the court, in connection with the exhibit of the administrator, to restate, if necessary, his account, the judgment below will be here reformed, so as to deduct from the amount allowed the administrator the above sum of $400; he to be taxed with all costs in and about this appeal expended.

REVERSED AND RENDERED.

[Opinion delivered June 4, 1880.]