### GEO. O. CHERRY v. W. B. WALLIS.

(Case No. 2205.)

1. GUARDIAN—ORDER OF REMOVAL NOT INVALID BECAUSE OF DEFECTIVE PETITION—The county court may, of its own motion, for cause, make an order removing the guardian of a minor; and where such an order is made by the court on the petition of some person interested in the minor, it is not invalid because of the petition's being defective.

2. SAME—ARTICLE 2615, REVISED STATUTES, CONSTRUED—Sub-division 3 of article 2615, Revised Statutes, applies as well to guardians of the person as to guardians of the estates of minors; and a judgment removing a guardian of the person, which assigns as the ground therefor, that such guardian had misapplied property of the ward, committed to his charge, states a good cause for removal.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

The opinion states the case.

*N. B. Bendy*, for appellant, cited : R. S., 2615, 2616.

No brief on file for appellee.

ROBERTSON, ASSOCIATE JUSTICE.—The county court made an order removing appellant from the guardianship of the persons of John and Kate Wallis, minors, on the stated grounds that he had been guilty of gross neglect in the performance of his duties, and had failed to properly maintain and educate his wards. The appellant appealed to the district court, and he was again removed, on the ground that he had misapplied and converted to his own use about $6,000 in United States bonds belonging to the trust estate. The deposed guardian now brings the case to this court, and asks the reversal of the judgment of the district court, because, he says, the petition on which the proceed-

ing against him was had, was insufficient in law, and the judgment states no ground for his removal.

The statute authorizes the court, of its own motion, to make the order of removal—it could have proceeded without any petition. The petition complained of may equal but it certainly is not worse than none. The third cause stated in the statute for the removal of a guardian is: "When there is good cause to believe that he has misapplied   *   *   property committed to his charge   *   *." The court states in the judgment that *he has misapplied* such property. If so, there is "good ground for believing" that he has. But the appellant claims that this third ground in the statute applies only to the guardian of estates.

The statute makes no such distinction. The guardian of the person is necessarily entrusted with some portion of the ward's estate for current needs, and the misappropriation of such part unfits him for his office. R. S., art. 2615.

We think the judgment must be affirmed.

AFFIRMED.

[Opinion delivered February 9, 1886, Chief Justice Willie not sitting.]