O. EASTLAND, GUARDIAN, ETC., v. MAGGIE WILLIAMS, MINOR.

No. 680. Decided June 6, 1898.

**1. Guardian—Attorney's Fees—Allowance of Claim—Final Judgment.**

The action of the probate court in approving a claim for attorney's fees for services rendered a guardian, is a final judgment and not subject to revision and reduction in passing upon the guardian's final report, such case being distinguishable from a mere credit for a payment other than that of an approved claim, made by and allowed to the guardian in his reports. (Pp. 115, 116.)

**2. Cases Criticised.**

Oldham v. Brooks, 25 Southwestern Reporter, 648, disapproved; Ingraham v. Rogers, 2 Texas, 465, distinguished; Moore v. Hillebrandt, 14 Texas, 312, and Williams v. Robinson, 63 Texas, 576, followed. (P. 116.)

**3. Case Approved.**

The rulings of the Court of Civil Appeals in this case on appeal (45 Southwestern Reporter, 412), approved, except as to allowance of attorney's fees as above indicated. (P. 116.)

ERROR to the Court of Civil Appeals for the Second District, in an appeal from Wichita County.

From a judgment of the District Court on appeal from County Court, passing on the final report of Eastland as guardian of Maggie Williams, a minor, the guardian appealed, and the judgment having been reformed on cross-asignment of error by the ward, and affirmed, the guardian obtained writ of error.

*Flood, Hughes & Foster*, for plaintiff in error.—There was error in the inception of this proceeding in the court citing this guardian to make his final report of this ward's estate, because none of the conditions requiring or calling for final settlement of said estate had arisen under the law. Rev. Stats., arts. 2764, 2593, 2692, 2693, 2695, 2698.

The court erred in denying the application of this guardian to fix a proper amount of money as a suitable annual allowance for the yearly maintenance and education of this ward, and in refusing to fix any amount for the annual education and maintenance of this ward.

When a guardian pays a medical bill for his minor ward, he should be allowed credit for same when the minor received the benefit, even though he had not procured any order of court fixing an allowance for annual maintenance of the ward, and because the guardian is himself a practicing physician and performs the service, would afford no reason to deny the credit. 2 Bouv. Law Dic., 137, "Maintenance."

The Court of Civil Appeals erred in concluding and holding that because appellant had not, as a condition precedent, procured from the probate court an order allowing him to make expenditures in excess of the income of this minor's estate, for her support and maintenance, he was not entitled to the credit of $238, or any part thereof, expended by him during seven years for food, clothing, shoes, and books that were absolutely necessary and proper for said ward, all of which articles the minor received and all of which were supported by admittedly correct vouchers. Rev. Stats., art. 2639; Jones v. Parker, 67 Texas, 82; Freybe v. Tiernan, 76 Texas, 289; In re Bostwick, 4 Johns. Ch., 100.

The Court of Civil Appeals erred in sustaining appellee's cross-assignment of error to the trial court's refusal to open up a judgment of the probate court allowing certain attorneys a fee of $25 for services rendered appellee's estate; because the agreed facts show that said $25 was the claim of third parties, presented by them to said guardian and by said guardian allowed under article 2709, Revised Statutes, and then filed on the court's claim docket under article 2713, Revised Statutes, and in due time examined and approved by the probate court under article 2714, Revised Statutes, and then a judgment spread upon the minutes of the court ordering appellant to pay said claim out of the ward's estate. Rev. Stats., arts. 2703-2719; Williams v. Robinson, 63 Texas, 576; Swan v. House, 50 Texas, 653; Moore v. Hillebrant, 14 Texas, 311; Neill v. Hodge, 5 Texas, 488; Giddings v. Steele, 28 Texas, 733; Lott v. Cloud, 23 Texas, 255; Heath v. Layne, 62 Texas, 694; Hicks v. Oliver, 78 Texas, 235.

The Court of Civil Appeals erred in taxing the costs of appeal to that court against this appellant, because said Court of Civil Appeals has sustained appellant's ninth assignment of error complaining of the trial court's judgment being uncertain and indefinite, and that payment thereunder would afford him no protection, and further because said Court of Civil Appeals sustained appellant's tenth assignment of error complaining of the excessiveness of the trial court's judgment, and appellee's remittitur, being filed in appellate and not in trial court, would not relieve her of burden of costs of appeal.

*J. H. Barwise, Jr.*, for defendant in error.—The District Court erred in holding that judgment of the probate court was conclusive of the

attorney's fees of $25, and holding that the question of attorney's fees could not be attacked in this proceeding; and the court erred in not fixing the attorney's fees at $15 according to the court's finding of fact upon this issue. Richardson v. Kennedy, 74 Texas, 507.

BROWN, ASSOCIATE JUSTICE.—O. Eastland was the guardian of the estate of Maggie Williams, administered in the County Court of Wichita County. The County Judge cited Eastland to make a final report of his guardianship, which he did, and upon the settlement of his final account the contest arose as to the various matters embraced in this writ of error. We have examined the assignments contained in the petition and find no error in the judgment of the Court of Civil Appeals except in its ruling upon the cross-assignment of appellee, which is as follows: "The court erred in holding that the judgment of the probate court was conclusive of the attorney's fees of $25, and holding that the question of attorney's fees could not be attacked in this proceeding, and the court erred in not fixing the attorney's fees at $15 according to the court's finding of fact upon this issue.'

The facts necessary to an understanding of this question are, that Eastland as guardian of Maggie Williams employed an attorney to superintend the return of an inventory and to do some other professional work in connection with the estate of the said minor. The attorney made out his account for the services performed according to the statute and presented it to the guardian for approval, and it being approved by the guardian, the County Court sitting for probate purposes allowed the same as a claim against the estate of the minor and entered up judgment upon the minutes of the court in due form of law. Eastland paid the account thus allowed under the judgment of the County Court and credited himself with that amount in his final account, presenting a proper voucher therefor. It was found by the judge who tried the case in the District Court upon appeal from the County Court, that the services rendered by the attorney were worth the sum of $25, but that a portion of the work done should have been performed by or paid for by the guardian, and that $15 would have been a fair compensation for that part of the services for which the minor should have been charged, but held that the judgment of the County Court allowing the claim against the minor's estate was conclusive, and that it could not be attacked in that proceeding as the minor then sought to do.

The District Court entered judgment for the minor against Eastland for $177.06, which upon appeal was by the Court of Civil Appeals reversed and rendered for $187.06 with interest at the rate of 6 per cent per annum from May 26, 1897, the date of the judgment in the District Court.

Article 2085 of the Revised Statutes prescribes the effect to be given to an allowance by the guardian and approval by the court of a claim such as that called in question by the foregoing assignments. That article is in the following words: "The action of the court in approving

or disapproving a claim shall have the force and effect of final judgment, and when the claimant or any person interested in the estate shall be dissatisfied with such action he may appeal therefrom to the district court as from other judgments of the county court rendered in probate matters."

The allowance by the guardian and approval by the court of the claim made for the attorney's fees against the estate of Maggie Williams was in effect a judgment the same as if it had been rendered by any court in a suit by the attorney against that estate, and is not liable to be attacked in this proceeding. Moore v. Hillebrant, 14 Texas, 312; Williams v. Robinson, 63 Texas, 576.

The case of Ingraham v. Rogers, 2 Texas, 465, upon which Judge Head based his opinion in the case of Oldham v. Brooks, 25 Southwestern Reporter, 648, does not conflict with the rule expressed above. The case cited simply holds that where an administrator or guardian during the pendency of the administration of the estate made a report in which he claimed credit for sums paid out by him or for money due him from the estate, which report was approved by the court, that action did not have the effect of a final judgment, but the whole matter of settlement between administrator or guardian and the estate he represented could be opened and gone into upon the examination of his final account.

The distinction between the two classes of cases can be illustrated in this way: The claim of the attorney in this case having been allowed by the guardian and approved by the court, can not be questioned as to its amount or justice in this proceeding, because it is in effect a final judgment; if, however, the guardian, after paying the amount to the attorney, had made a report stating such payment and claiming credit for it, which the County Court approved, still upon examination of this final account it might be shown that he had not in fact made payment of the amount claimed in the former report, because it is an interlocutory order.

If parties were permitted to contest the justice of a demand against an estate which had been regularly probated under the law and paid by the administrator or guardian, there would be no security for administrators or guardians in the payment of claims against the estates they represent, but they would be liable at any time after the payment had been made and before the final settlement was concluded, to have the judgments which they had obeyed set aside and might be compelled to answer for the funds applied under the order of the court. Such a rule has never been in force in the courts of this State.

The Court of Civil Appeals erred in reversing the judgment of the District Court and rendering judgment in favor of the defendant in error for an amount greater than the judgment of the latter court. It is therefore ordered that the judgment of the Court of Civil Appeals be reversed and that the judgment of the District Court be affirmed, and it is further ordered that plaintiff in error recover of the defendant in error the costs of this court, and that the defendant in error recover

of the plaintiff in error all costs of the Court of Civil Appeals and of the District Court.

*Reformed and affirmed.*