## In re HIGGANBOTHAM'S ESTATE et al.

### No. 4333.

Court of Civil Appeals of Texas.

Jan. 11, 1946.

Rehearing Denied Feb. 6, 1946.

S. M. Adams, of Nacogdoches, for appellant.

Ramsey & Ramsey, of San Augustine, for appellee.

WALKER, Justice.

This appeal originated in the county court of San Augustine County, sitting in probate, with the petition of John Higganbotham and wife, Lizzie Higganbotham, complaining of Myrtie Higganbotham, guardian of the persons and estates of certain minors, to-wit, Aline, George and Morris Higganbotham. The date when this instrument was filed is of some significance. According to recitals in the guardian's answer and in her brief, which is the only information before us on the matter, this petition was filed on April 24, 1944.

Petitioners alleged that they were the paternal grandparents of the minors; that the said Myrtie Higganbotham was acting as guardian of the persons and estates of

said minors under an appointment made by the county court of San Augustine County on or about July 26, 1941; that on or about August 2, 1941, Myrtie Higganbotham had filed an inventory and appraisement of the estates of said minors which showed that said estates consisted of funds amounting to $6,750; and that the probate records of San Augustine County exhibited various proceedings respecting the estates of said minors, but the guardian had filed no accounting since her appointment. They also alleged that the guardian's bond was insufficient. They prayed an examination into the condition of said estates and said bond; that the guardian be cited to show cause why she had filed no accounting; that she be required to furnish new bond; and that petitioners have other and further relief, etc., as they might show themselves entitled.

The citation directed to the guardian is not in the record. In response to the foregoing petition, Myrtie Higganbotham filed a plea in abatement, a general denial, and a detailed accounting of her management of said minors' estates since her appointment as guardian. The plea in abatement ran only to the prayer for a new bond and alleged the omission of necessary parties, to-wit, the sureties on the guardian's bond then in force. It appears that Myrtie Higganbotham was the mother of said minors. In her account, she alleged that the inventory and appraisement showing that the minors' estates consisted of funds totalling $6,750 was incorrect; that said funds actually amounted to $6,387.72; that various expenditures totalling $2,487.72 had been made, all from the corpus of the minors' estates, under authority conferred by orders of the probate court, some of which had not been entered of record; and that said expenditures had been made for stated purposes, to-wit, the care and maintenance of the minors and the payment of certain attorney's fees. She alleged that she had on hand certain items of personal property, the aforesaid home (which consisted of a tract of land and a small dwelling thereon for which she had paid $617), and $3,900 invested in United States Government bonds. She alleged that she had employed an attorney to represent her in contesting the petition referred to above and in filing her account, and had agreed to pay him a stated fee. She prayed that she be not required to give a new bond; that her account be accepted and approved;

that she be authorized to pay the attorney's fee; and that she have other and further relief, etc.

This instrument was sworn to by the guardian on June 3, 1944, and according to her brief was filed on that date. The guardian alleged no reason for her failure to file annual accounts except, perhaps, by reason of her ignorance of the law and her reliance upon a former attorney, now dead.

Petitioners filed a supplemental pleading in response to the foregoing account and prayed therein that the guardian be removed and another guardian be appointed. As grounds they alleged that $2,387.72 had been withdrawn from the minors' estates by the guardian without due order therefor by the probate court, whereby she "demonstrated her inability to be the guardian of said wards"; and also alleged that said funds were misapplied by the guardian. Certain general objections were made to the account.

■ The proceedings in the probate court are not in the record. Appellate jurisdiction of the court below, to-wit, the district court of San Augustine County, was established on trial in that court by agreement of the parties, accepted and acted upon by said court, as was proper. Maul v. Williams, Tex.Com.App., 69 S.W. 2d 1107. Therefore on this record, the district court had before it every issue made by the pleadings referred to above.

The case came on for trial in the district court on July 10, 1945. The guardian requested a jury but her request was denied; her plea in abatement was overruled; and after trial on the merits, the district court rendered the following judgment removing her as guardian of the estates of said minors but retaining her as guardian of said minors' persons:

"This the 10th day of July, 1945, after said cause had been duly set for trial on June 25th, 1945, on such day, and after all parties had (been) duly and seasonably notified that said cause was set for such day, and it appearing to the Court that on July 6th, 1945, the complainant filed her motion and tendered a jury fee of $5.00 to have said cause placed on the jury docket, and the Court after hearing said motion, is of the opinion that same should be, and it is hereby accordingly overruled; to which ruling the complainant then and there in open court excepted; and came the com-

plainant urging her plea to the jurisdiction of the court, and the court having heard and duly considered same is of the opinion that it should be, and it hereby is, accordingly overruled; to which ruling the complainant then and there in open court excepted; and came the parties and announced ready for trial, and the court after hearing the pleadings, the evidence and argument of counsel, is of the opinion that the contestants should have judgment.

"It is therefore ordered, adjudged and decreed by the court on this the 16th day of July, 1945, that the complainant, Myrtie Higganbotham, be and she hereby is removed as guardian of the estate of the minors, Aline Higganbotham, George Higganbotham, and Morris Higganbotham, and that another guardian be appointed, and that she file a full and complete verified statement of the condition of the estate up to the time of her removal; she is hereby retained as guardian of the persons of said minors.

"It is ordered that this judgment be certified to the County Court of San Augustine County, Texas, for observance, and that same be entered of record upon the Minutes of the County Court as the judgment of such court.

"To which judgment of the court the complainant excepts and gives notice of appeal to the Court of Civil Appeals of the 9th Judicial District of Texas at Beaumont, Texas."

The guardian has appealed.

■ The form of this judgment raises a question, whether the district court adjudicated all issues before it, and the points made on this appeal by the guardian require that our construction of this judgment be stated. We hold that this judgment adjudicated and therefore disposed of all issues before the trial court. (1) Petitioners' prayer that a new bond be required of the guardian was necessarily contingent upon denial of their prayer for the guardian's removal; it went out of the case when the prayer for removal was granted. (2) The issues raised by the guardian's account and by her prayer for its approval (namely, whether the guardian's statement was correct, and if not, what was the true state of the account) were necessarily disposed of by the trial court's failure to grant this relief or to restate the account and by that part of the judgment directing the guardian to file a "full and complete veri-

fied statement of the condition of the estate up to the time of her removal." The quoted language required the guardian to file her account for final settlement. This account will necessarily cover the items set up in, and to that extent will duplicate, the account now before us; and the order that the guardian file an instrument containing such a duplication, without specifically acting upon and either approving or restating the account now on file, is to be construed as an order that the filed account lie over, and that action be taken on the various items set up in the filed account when the account for final statement, also exhibiting said items, comes on for consideration. (3) The attorney's fee requested by the guardian was denied by necessary implication. The guardian prayed allowance of the fee for services rendered by her attorney in filing the account which is before us, and in contesting the prayer that she be required to give a new bond. However, the relief prayed for by her, representing the services performed by her attorney as a basis for the requested fee, was not granted. The account was ordered to lie over. The guardian was removed from her office as guardian of the minors' estates. Denial to the guardian of the relief representing the services performed by the attorney on which she based her right to the fee, without allowing her any part of said fee, impliedly denied her the fee itself and thus adjudicated this issue against her. We may apply to judgments of the district court rendered on an appeal from the county court sitting in probate the same principles of adjudication by necessary implication which are commonly applied to the judgments of that court rendered in the exercise of said court's original jurisdiction. (4) Unquestionably all other issues before the trial court were specifically adjudicated. We proceed to discussion of the points made on this appeal.

■ The guardian assigns error under point 1 to the action of the trial court, denying her plea in abatement. Point 1 is overruled. This plea ran only to petitioners' prayer that the guardian be required to give a new bond. Myrtie Higganbotham remains the guardian of the minors' persons, without any order respecting her bond in that capacity. If petitioners sought a new bond to cover this responsibility, the relief was necessarily denied them, and as they have assigned no

error to the judgment it is therefore final as to them. The error, if any, in denying the plea could therefore relate only to the guardianship of the minors' estates; and since Myrtie Higganbotham was removed as guardian of these estates, the issue raised by the prayer that she be required to give a new bond went out of the case, and the denial of the plea in abatement was an immaterial matter, if it was ever erroneous. See Paris & G. N. R. R. Co. v. Boston, Tex.Civ.App., 142 S.W. 944, at page 947 (par. 5).

The guardian assigns error under point 2 to the trial court's refusal to grant her request for a jury. Point 2 is overruled. As hereinafter appears, the trial court's judgment is supported by the guardian's testimony or by facts which are otherwise undisputed. There was therefore no material issue of fact to be submitted to the jury, and it is upon the existence of such an issue that the constitutional right to trial by jury ultimately depends. Thorne v. Moore, 101 Tex. 205, 105 S.W. 985; Adams v. Houston Nat. Bank, Tex.Com.App., 1 S.W.2d 878. The jury therefore had no function to perform on conclusion of the trial; and a denial of the guardian's request for a jury therefore did not injure her and the error of the trial court, if any, was harmless. County of Caldwell v. Crockett, 68 Tex. 321, 4 S.W. 607, at page 611.

The guardian assigns error under point 3 to the trial court's refusal to approve her account. Point 3 is overruled. It is hereinafter held under point 4 that the trial court properly removed Myrtie Higganbotham from guardianship of the minors' estates. Her account was therefore properly ordered to lie over, in order that the county court, in considering her account for final settlement, might inquire into the various items which also happen to be set up in the account now on file and thereby avoid any duplication of effort. The account before us was an interim account filed as a substitute for annual accounts required by Article 4224 et seq., and was a belated performance by the guardian of her duty to file such annual accounts. No time is specified for consideration of and action upon a guardian's annual account except by section 2 of article 4226 which provides that: "At any time after five days from the filing of an annual account, the judge may act thereon,

and may continue the hearing thereon until fully advised as to all items of such account." The orders approving such annual accounts are ordinarily not conclusive; and items therein approved may be re-examined on final account, except as the court may be limited by other statutes. Oldham v. Brooks, Tex.Civ.App., 25 S.W. 648; Eastland v. Williams, 92 Tex. 113, 46 S.W. 32. There is nothing in the record before us to indicate that the minors had been notified, by citation or otherwise, of the filing of any account, nor did petitioners undertake to represent them; petitioners have the appearance of acting in behalf of the minors by virtue of their interest in said minors, under the terms of articles 4109, 4141 and 4148, and article 4234. Since the county court, on consideration of Myrtie Higganbotham's account for final settlement, could conveniently inquire into every item set up in the account now on file, and could thereby avoid any duplication of effort and any multiplicity of issues, that court, in a situation such as that before us, could order the annual account, or the substitute therefor, exhibited by this record, to lie over; and the court below could do the same, since the district court, on appeal from the county court sitting in probate, had the same jurisdiction as said county court.

The guardian assigns error under point 4 to the judgment removing her from guardianship of the minors' estates. Point 4 is overruled. The following facts are undisputed or else established by the guardian's own testimony: Myrtie Higganbotham was appointed guardian of the persons and estates of the minors by an order of the county court of San Augustine County dated July 6, 1941. Thereafter she qualified according to law and at the time of the trial was acting under her appointment. On August 2, 1941, she filed an inventory and appraisement of her wards' estates, which was approved by the said county court, showing estates belonging to said minors consisting of $6,750 in funds then in the hands of the district clerk of Nacogdoches County. This inventory seems to have been wrong; instead of these estates amounting to $6,750, they seem to have amounted only to $6,387.72, being the minors' recovery under a judgment against third parties for the death of their father. The guardian took possession of these funds, less a fee paid an at-

torney for services rendered in opening the guardianship and procuring her appointment as guardian; and subsequently she made various expenditures from, and investments on behalf of, these estates. Nevertheless, she filed no accounting until citation issued on the petition originating this proceeding, which as heretofore stated was filed in the county court of San Augustine County on April 24, 1944, almost three years after her appointment. The guardian's excuse for her failure to file annual accounts amounts to this, that she was ignorant of the law and relied upon a former attorney and perhaps upon the county judge, to advise her as to her duties and the performance of same. She has made some point of the loss of files belonging to a former attorney, who is now dead. However, the account she filed herein and her testimony on trial show in considerable detail how she managed the minors' estates; and it is not apparent from the record that the loss of her former attorney's files either prevented the filing of accounts as required by law or prevented her filing a substantially correct account on this proceeding.

On these facts the district court was authorized to remove Myrtie Higganbotham from her guardianship of the minors' estates by the following provisions of Article 4234: "A guardian may be removed by the court of its own motion or on the motion of any person interested in the ward, or his estate, after being cited to answer: 1. When he fails to return any account which is required to be returned by any provision of this title."

Articles 4224 to 4227a, inclusive, of the title referred to in the quoted statute required the guardian to file annual accounts showing the condition of the minors' estates and her management of said estates, and it is undisputed that she did not comply with these statutes. The guardian's ignorance of the law did not constitute a sufficient excuse for noncompliance with article 4224 et seq.; it was her business to acquaint herself with her duties and see that they were performed. See Prince v. Ladd, Tex.Sup., 15 S.W. 159, 160, where the court in effect overruled a justification by a guardian on the ground that he purported to hold as a trustee as well as guardian and did not know or believe "that the same requisites of law as to guardians applied to him as trustee." If the petition-

ers did not clearly specify this matter as a ground for the guardian's removal, their omission was immaterial; under article 4234, the county court was authorized to act upon its own motion. Cherry v. Wallis, 65 Tex. 442. The guardian's ignorance of her statutory duty to annually account was but an incident of her inexperience in what may be referred to generally as business matters. Her testimony shows that she had no independent judgment in such matters.

Under point 5 the guardian says that the trial court failed to pass on her request for allowance of an attorney's fee, and assigns error to the judgment on that ground. Point 5 is overruled. As stated above, the judgment of the district court denied the prayer for an attorney's fee. We think that the fee was properly disallowed and that no issue of fact was in the record respecting the allowance of said fee. The statute controlling the allowance of attorney's fees to a guardian is article 4312, which authorizes such fees only when "necessarily incurred" in the management of the guardianship of the estate. The services of the attorney filing the account now before us did not benefit the estates of the minors; the conduct of the guardian authorizing her removal made it necessary to file an account for final settlement, and thus made unnecessary the account which is now on file. An attorney's fee for such services is not "necessarily incurred" in the management of the estates and was properly disallowed by the trial court as a consequence of his order removing the guardian. The situation is somewhat analogous to the cases where the guardian's account has been restated and an attorney's fee for services in preparing the account was denied her. Johnson v. Wilcox, 53 Tex. 413; James v. Craighead, Tex.Civ.App., 69 S.W. 241. Nor was the guardian entitled to a fee for the services rendered by her attorney in contesting her removal. Her failure to meet the statutory requirements for filing annual accounts justified this proceeding against her and supported the order removing her from the guardianship of the estates; the fee incurred for the services of her attorney in contesting her removal is thus shown to be an incident of her own misconduct and was not "necessarily incurred" in the management of the wards' estates. See Rowe v. Dyess, Tex.Com.

App., 213 S.W. 234; Ogden v. Shropshire & Adkins, Tex.Civ.App., 37 S.W.2d 249. And see article 4314. Myrtie Higganbotham retained her appointment as guardian of the persons of the minors. Since this proceeding against her was justified, we are inclined to think her success on this issue, under the record before us, did not entitle her to an attorney's fee; but at any rate the estates of the minors are not liable for attorney's fees incurred by the guardian in contesting her removal as guardian of the minors' persons. Such fees would not be "necessarily incurred" in the management of the wards' estates; indeed it seems to us to be a matter personal to the guardian within the meaning of the decisions referred to above. We note, in this connection, that under article 4309, the guardian of the person is not entitled to any compensation, and is obviously expected to act in behalf of the ward, in a case like that before us, by reason of interest in the ward.

This disposes of the matters assigned as error. No error appearing, the judgment of the trial court is affirmed.