Heber TINDALL, A Guardian of the Estate and Person of Mary Tindall Clore, N.C.M., Appellant,

v.

The STATE of Texas, Acting By and Through the TEXAS DEPARTMENT of MENTAL HEALTH and MENTAL RE-TARDATION, Appellee.

No. 04–82–00367–CV.

Court of Appeals of Texas, San Antonio.

May 16, 1984.

Rehearing Denied June 1, 1984.

William E. Hooks, Jr., San Antonio, for appellant.

James S. Wilkins, San Antonio State Hospital, Legal and Claims Div., San Antonio, for appellee.

ESQUIVEL, REEVES and TIJERINA, JJ.

## OPINION

ESQUIVEL, Justice.

The issue in this appeal is whether attorneys' fees incurred in the defense of bill of review proceedings filed by the State of Texas acting through its Department of Mental Health and Mental Retardation (the State) should be disbursed from the estate of an incompetent ward. Heber Tindall, guardian of the person and estate of Mary Tindall Clore and appellant herein, filed a motion for disbursement of these funds. The State opposed the disbursement and, following a hearing, the trial court denied the guardian's motion. We affirm.

We begin with a summary of the proceedings leading up to the bill of review. On May 1, 1980, upon the guardian's motion, the court entered an order providing for a tax-motivated gift by the guardianship pursuant to section 230(b)(2) of the Probate Code.[1] Such gifts are allowed as estate planning devices when certain statutory requirements are met. Among the requirements are notice of the intended gift to all interested persons, a showing that the ward will probably remain incompetent during his or her lifetime, and that the gift may be made only out of the principal or income of the estate that is not required for the support of the ward during his or her lifetime.

The ward, Mary Tindall Clore, is a patient at the Kerrville State Hospital where she receives psychiatric care. It was stipulated at the hearing below that she will probably remain incompetent during her lifetime. The Kerrville State Hospital does not predicate its care of the ward on the receipt of reimbursement of its expenses but it is statutorily required to seek reimbursement from non-indigent patients. TEX.REV.CIV.STAT.ANN. art. 3196a (Vernon Supp.1984). It was also stipulated that the ward's estate would incur charges of $388,800.00 for her care and treatment projected over her remaining life expectancy, and that the value of her estate on the date of the hearing was less than $250,-000.00.

The guardian, on the advice of his attorneys, did not provide Kerrville State Hospital or any other representative of the State with notice of the motion for the establishment of the tax-motivated gift. The State filed a bill of review contending that it should have received notice of the proposed gift since it was an interested person as that term is defined in the Probate Code. The trial court granted the bill of review and we affirmed that decision in an opinion holding that the State was an interested person and that it therefore should have been provided notice. *Tindal v. State*, 656 S.W.2d 176 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.).

The guardian on March 12, 1982, instituted the proceeding now under review by filing a motion requesting the Probate Court's permission to pay $7,830.00 from the estate to his attorneys. That amount represented payment due for services rendered in the defense of the bill of review. The State filed an objection to the motion contending that the charges were not necessary and reasonable expenses incurred in the preservation, safe-keeping, and management of the estate, and that the defense of the bill of review was not made in good faith. The evidence presented at the hearing consisted of testimony of one of the guardian's attorneys, and two exhibits: a summary of the attorneys' billing for work related to the bill of review and a list of thirty stipulated facts. The stipulations established that if the State had been notified of the proposed gift, it would have contested the guardian's motion for the establishment of the gift at the original hearing.

---

1. All statutory references are to Texas Probate Code Annotated unless otherwise specified.

The court denied the guardian's request for disbursement, and he has appealed from that denial.

The guardian has brought forward four points of error. His first two points argue that the evidence was legally insufficient to sustain the court's order. Points three and four contend that the trial court erred in reaching its first two conclusions of law. The latter points will be discussed first.

The court's first two conclusions of law are as follows:

1. It would be unjust to permit a second collection of attorneys fee in proceedings where the original proceedings were set aside as having been presented improperly without notice to an "interested party", who prevailed on the merits upon a Bill of Review.

2. The expenses enumerated in the bill dated March 16, 1982 for legal services rendered by the law firm ... were not necessary and reasonable expenses incurred by the guardian in the preservation, safekeeping, and management of the estate as contemplated by Section 242 of the Texas Probate Code.

■ Section 242 of the Probate Code provides that personal representatives shall be entitled to all reasonable attorneys' fees necessarily incurred in connection with the proceedings and management of an estate on satisfactory proof to the court. The reasonableness of the attorneys' fees is not at issue here; the trial court made findings of fact that the time spent by the attorneys was necessary and reasonable for the defense of the bill of review, and that the hourly rate charged by the firm was reasonable. The issue presented by this appeal is whether the charges were "necessarily incurred."

■ *In re Higganbotham's Estate,* 192 S.W.2d 285 (Tex.Civ.App.—Beaumont 1946, no writ) is instructive as to the meaning of the phrase "necessarily incurred" as used in section 242. That case involved the construction of the predecessor statute to section 242. Suit was brought to remove the guardian of three minors from her of-

fice. The court found that the guardian's removal was proper due to her failure to meet the statutory requirement of filing annual accounts. Addressing the issue of attorneys' fees, the court held that the guardian's failure to meet the annual accounting requirements justified the proceeding against her, and that the fee incurred for the services of her attorney in contesting her removal was an incident of her own misconduct and was not "necessarily incurred" in the management of the wards' estates. *Id.* at 290. Similarly, where a person named as executor in a will is found guilty in exercising undue influence on the testator, and the probate of the will is denied, that person in a subsequent proceeding will not be reimbursed out of the estate for his attorneys' fees in the probate proceeding. *Huff v. Huff,* 132 Tex. 540, 124 S.W.2d 327, 329 (1939). It is thus apparent that when the fiduciary's omission or malfeasance is at the root of the litigation, the estate will not be required to reimburse the fiduciary for his or her attorneys' fees. Such fees are not necessarily incurred in connection with the management of the estate. *See also, Oldham v. Keaton,* 597 S.W.2d 938, 945 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.); 3 A. SCOTT, THE LAW OF TRUSTS §§ 188.4, 188.6, 205 (3d ed. 1967).

■ A similar situation exists in the present appeal. The guardian's failure to provide notice of the proposed gift to the State occasioned the bill of review proceeding that eventually overturned the gift. Had notice been given, it was stipulated that the State would have contested the proposed gift at the original hearing, thereby obviating the need for the bill of review proceeding and forestalling the present claim for attorneys' fees. While it is true that the State's challenge in the original proceeding would have generated additional attorneys' fees at that time, we have no way of knowing now just what those fees would have been. All we know is that the fees generated by the bill of review proceeding would not have been incurred had the State been properly notified of the motion to establish the trust.

The guardian relies heavily on *In re Guardianship of Neal,* 406 S.W.2d 496 (Tex.Civ.App.—Houston), *writ ref'd n.r.e. per curiam,* 407 S.W.2d 770 (Tex.1966) in support of his contention that the attorneys' fees were reasonable and necessary. *Neal* is analogous to the instant case in that the guardian sought to make a similar gift from the estate of the ward for tax planning purposes. The Probate Code, however, had not been amended at that time to specifically provide for such gifts, and the court of civil appeals held that the probate court was without power to authorize them. The *Neal* court allowed the guardian its attorneys' fees since it was of the opinion that the guardian acted as a prudent person in making a bona fide effort to determine whether it should make the proposed gift. *Id.* at 503.[2] *Neal,* however, does not mandate the allowance of attorneys' fees in the instant case. Assuming that there was a legitimate question as to whether the ward's estate was eligible to make tax-motivated gift and that the State had been notified and had contested the gift in the original proceeding, an award of attorneys' fees might well have been proper. Indeed, the trial court found in the hearing below that the guardian's attorneys had already collected $1,200.00 in fees in the proceeding that sought the allowance of the gift. *Neal* does not hold that when the guardian's omission, as in the instant case, necessitates a subsequent unnecessary proceeding the ward's estate should pay the costs of that proceeding. The court's first two conclusions of law were proper, and the guardian's third and fourth points of error are overruled.

■ We must likewise overrule the guardian's first two points. There was probative evidence that if the State had been provided its required notice, it would have contested the gift in the original proceeding, thus rendering the bill of review and the guardian's defense unnecessary. The order denying disbursement of attorneys' fees for this unnecessary proceeding was proper.

The judgment of the trial court is affirmed.

---

**2.** While the Supreme Court approved the intermediate court's holding regarding the gift, it noted that the attorneys' fees question had not been brought forward for review. 407 S.W.2d at 771.