

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-12-0141-CV
_____

ESTATE OF NORMA L. BESSIRE, DECEASED

On Appeal from the County Court of Law No. 1
Potter County, Texas
Trial Court No. 28951, Honorable W. F. "Corky" Roberts, Presiding

April 2, 2013

OPINION

Before Quinn, C.J., and Hancock and Pirtle, JJ.

Jack Alsdurf, appellant, appeals the trial court's orders that denied his motion for sanctions against Rhonda K. Stadler, appellee, granted Stadler's motion that Alsdurf not be reimbursed from the estate for his attorney's fees in the amount of $82,121.08 incurred during this litigation, and removed Alsdurf as Independent Executor of the Estate of Norma L. Bessire. We will affirm the judgments of the trial court.

## Factual and Procedural Background

Norma Bessire, the mother of Alsdurf and Stadler, died on February 19, 2010. Prior to her death, she executed a will, which was admitted to probate on March 1, 2010. In the will, Bessire named Alsdurf as Independent Executor of the Estate. There was no action on the Estate, other than the routine matters attendant to an independent administration of a decedent's estate until late in 2010, when Alsdurf called Stadler on the telephone and accused her of taking money from Bessire's estate prior to the death of Bessire.

After the phone call in question, Stadler first personally requested that Alsdurf forward any documentation that supported his allegation. When nothing was forthcoming from Alsdurf, Stadler contacted an attorney, who sent a letter to Alsdurf demanding copies of any documentation that supported Alsdurf's allegations. Alsdurf's attorney then sent a letter to Stadler's attorney requesting to take Stadler's deposition. Stadler's attorney refused to provide Stadler for the deposition without knowing the basis of the allegations against her.

After receiving no response to the request for information regarding the accusations, Stadler filed her petition in intervention in the estate proceedings. The petition in intervention requested a declaratory judgment "as to whether any basis exists for the independent executor's allegations of misappropriation from the estate of Norma Bessire." Included within the petition was one interrogatory requesting Alsdurf to identify documents relied upon to support the allegations and a request for production of those documents.

Alsdurf responded to the petition in intervention by filing a general denial and noticing Stadler for a deposition. Stadler then filed a motion to quash the notice of oral deposition. This was then followed by Stadler's motion for summary judgment. Though the motion does not explicitly cite which of the Texas Rules of Civil Procedure the movant is relying on, it is apparent from its face that it is a no-evidence motion for summary judgment.[1] At the time of filing the motion for summary judgment, Alsdurf had not responded to the one interrogatory and one request for production contained within the original petition in intervention. At this time, the case was transferred from the County Court of Potter County to the County Court at Law as a contested proceeding.[2]

Ultimately, Alsdurf responded to the interrogatory and production request with some 1800 pages of bank records. On April 29, 2011, Stadler's oral deposition was taken for 5 hours and 51 minutes, according to the court reporter's certification. Alsdurf then took the deposition by written questions of Arne Kay Reynolds of the Amarillo Community Federal Credit Union, where Norma Bessire banked. Then, the deposition of Charles Kessie was taken. Kessie was the original attorney for the estate and the attorney who prepared the last will and testament of Norma Bessire.

After the discovery listed above was completed, Alsdurf filed a motion to strike the intervention, and Stadler filed a motion to remove the independent executor and renewed her motion for summary judgment. A hearing was held on these motions

[1] The parties have so treated the summary judgment motion, and we will do likewise.

[2] The order transferring the case does not specify to which of the two County Courts at Law the case was transferred. However, later documents in the case indicate that it was transferred to County Court at Law No. 1 and neither party alleged any matter in contravention to this fact.

3

October 4, 2011.[3]  At the conclusion of the hearing, the trial court denied intervener's motion for summary judgment, dismissed the intervention, and denied the motion to remove the independent executor.  Additionally, the trial court ordered Alsdurf to amend the inventory and list of claims and either specifically state the dollar amount of the claim against Stadler or remove the claim from the list of claims.  The trial court further ordered that no additional attorney's fees be paid from the estate without the approval of the court.  The trial court made no ruling on attorney's fees already paid and any right any party had to object to those fees.  The trial court entered this order on November 21, 2011, after an original proposed order was objected to and an amended order was substituted for the original.

On October 25, 2011, Stadler filed an objection to Alsdurf paying the attorney's fees he incurred out of the estate and requested the trial court order Alsdurf to pay the fees from his individual portion of the estate.  Alsdurf filed a motion for sanctions against Stadler.  On December 7, 2011, the trial court conducted a hearing on the pending motions.  At the conclusion of presentation of testimony and argument of counsel, the trial court took the matter under advisement.  On February 8, 2012, the trial court entered its order regarding the matters heard on December 7, 2011.  The order denied Alsdurf's motion for sanctions against Stadler, ordered Alsdurf to file his affidavit closing the estate within 30 days of the date of the order, and ordered that Alsdurf's bequest under the will be charged with $82,121.08.  The order further stated that, if Alsdurf's bequest was insufficient to absorb the $82,121.08 expense, then judgment would be entered against Alsdurf in favor of Stadler for one-third of any balance remaining.  After

---

[3] The Honorable Richard Dambold was sitting by assignment at this hearing.

the judgment was entered, Alsdurf requested findings of fact and conclusions of law be prepared and filed by the trial court. The findings of fact and conclusions of law were filed by the trial court on March 7, 2012. Additionally, Alsdurf filed a motion for new trial. The motion for new trial was overruled by written order filed on April 17, 2012.

On March 13, 2012, Stadler filed a motion to remove the independent executor. Alsdurf responded with written pleadings, and a hearing was held on April 11, 2012. Subsequently, the trial court entered an order removing Alsdurf as independent executor and appointing Stadler as successor independent executor on April 16, 2012. Alsdurf gave notice of appeal on April 17, 2012.

Alsdurf appeals asserting four issues. First, Alsdurf contends that *res judicata* or issue preclusion prevented the trial court from re-litigating the issues which were or could have been litigated at the hearing that resulted in the amended order being entered. Second, Alsdurf maintains that the trial court abused its discretion in granting Stadler's motion objecting to the attorney's fees previously incurred by Alsdurf. Third, Alsdurf contends that the trial court abused its discretion in denying Alsdurf's motion for sanctions against Stadler. Fourth, Alsdurf complains that the trial court abused its discretion in removing Alsdurf as independent executor. We will affirm the trial court's judgments.

*Res Judicata* and Issue Preclusion

In his first issue, Alsdurf contends that the trial court was prohibited from considering Stadler's motion objecting to Alsdurf's payment of his attorney's fees from the estate and the motion to remove Alsdurf as executor because of *res judicata* and

5

issue preclusion. According to Alsdurf's theory, the matters were resolved by the amended order previously entered by the trial court on November 21, 2011. However, there are problems with Alsdurf's contention.

First, *res judicata* and issue preclusion are affirmative defenses that require they be pleaded specifically. See TEX. R. CIV. P. 94. A review of the filings of Alsdurf reveals that neither theory was ever pleaded before the trial court. A review of the reporter's record reveals that neither theory was the subject of any testimony before the trial court at the final hearing. Therefore, the issue has been waived by Alsdurf. See Garner v. Long, 106 S.W.3d 260, 264 (Tex.App.—Fort Worth 2003, no pet.).

Further, the record reveals that the issue of attorney's fees was specifically reserved by the amended order entered on November 21. The amended order was not a final order on the issue of Alsdurf's attorney's fees. In the same vein, Stadler remained a beneficiary of the will and, therefore, a person interested in the estate. See TEX. PROB. CODE ANN. § 3(r) (West Supp. 2012) (defining "interested persons" or "persons interested" to include heirs or devisees).[4] The striking of the intervention did not change that status. Section 222(b) provides that "[t]he court may remove a personal representative . . . on the complaint of any interested person." Thus, the trial court could consider the later filed motion to remove Alsdurf. Alsdurf's first issue is overruled.

---

[4] Further reference to the Texas Probate Code will be by reference to "section ___" or "§ ___."

Objection to Payment of Alsdurf's Attorney's Fees From Estate

In his second issue, Alsdurf contends that the trial court erred in ordering that Alsdurf personally pay the $82,121.08 in attorney's fees he incurred during the litigation involving Stadler. Alsdurf contends that the trial court abused its discretion in ordering this because there was no factual or legal basis for the order. See Cire v. Cummings, 134 S.W.3d 835, 838-39 (Tex. 2004) (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241 (Tex. 1985)). Further, Alsdurf contends the trial court's order was without reference to any guiding rules or principles. The test for abuse of discretion is not whether, in the opinion of the reviewing court, the trial court's ruling was proper, but whether the trial court acted without reference to guiding rules and principles. See Perry Homes v. Cull, 258 S.W.3d 580, 602 (Tex. 2007).

Alsdurf contends that the trial court's action lacked any factual or legal basis. This is so, according to Alsdurf, because Stadler's motion objecting to the payment of Alsdurf's attorney's fees was couched in terms of section 149G which he contends is not applicable to the factual situation. However, such a reading of Stadler's motion is extremely narrow and not correct. First, we note that the trial court's order from the October 4, 2011, hearing required Alsdurf to file an amended accounting with the court. Alsdurf complied with the filing of his amended accounting on November 11, 2011, and in the first paragraph of the accounting, Alsdurf states that the amended accounting is filed according to section 149A. It was following the filing of the accounting that Stadler filed her motion to deny some of the attorneys' fees.

On December 7, 2011, the trial court held a hearing on the parties' competing motions. Alsdurf presented his motion for sanctions against Stadler and Stadler presented her motion to deny payment of Alsdurf's attorney's fees from the estate. After hearing the evidence, the trial court ruled and subsequently entered a written order that denied Alsdurf's motion for sanctions and found that Alsdurf's pursuit of an alleged claim against Stadler was not in the best interest of the estate. The trial court ordered that Alsdurf's bequest under the will of Norma Bessire be charged with the sum of $82,121.08. Additionally, the trial court ordered that the estate be closed within 30 days of the order. The order was signed February 6, 2012, and filed for record on February 8, 2012.

Alsdurf requested findings of fact and conclusions of law on February 24, 2012. The trial court filed the findings of fact and conclusions of law on March 7, 2012. In the findings of fact, as applicable to Alsdurf's second issue, the trial court found the following facts (numbered as the trial court numbered them):

> 4. The court finds, based on the testimony of Rhonda Stadler and the lack of denial of same by the Independent Executor, that Jack Alsdurf called his sister Rhonda Stadler and accused her of misappropriating their mother's property.
>
> 5. Rhonda Stadler retained counsel, who sent the Independent Executor a letter on December 1, 2010, requesting documentation on which any claim of wrongdoing was based, and denying Rhonda Stadler had engaged in any wrongdoing with respect to her mother, or Decedent's Estate.
>
> 6. The only reply made to this letter was a letter from counsel for the Independent Executor dated December 14, 2010, requesting the deposition of Rhonda Stadler. The letter did not deny that a claim for wrongdoing had been made and did not state the basis or otherwise clarify an accusation of wrongdoing.
>
> 7. By letter dated December 14, 2010, counsel for Rhonda Stadler renewed the request for information regarding the basis for the

8

Independent Executor's allegations of wrongdoing, declined to produce Rhonda Stadler for deposition until such disclosure was made, and advised that an intervention would be necessary to ascertain such basis if not forthcoming.

8. The Independent Executor did not respond to this correspondence, took no action to close the Estate of Decedent, and took no other action with respect to the Estate of Decedent following this letter which appears of record.

9. On February 15, 2011, Rhonda Stadler filed a petition in intervention and request for declaratory judgment, asking for a declaration seeking to compel the Independent Executor to disclose the basis for the accusations verbally made against his sister. Included in this petition was one interrogatory and one request for production. This is the only discovery propounded by Rhonda Stadler in this case.

11. Jack Alsdurf has admitted that he has no basis for alleging that Rhonda Stadler did anything wrong with respect to Decedent or the Estate of Decedent.

12. Jack Alsdurf has failed to produce any evidence on which a reasonable basis for suspecting wrongdoing on the part of Rhonda Stadler could be based, and had no reasonable basis for pursuing expensive litigation in seeking to discover such a basis.

13. The Court finds that of the attorneys' fees incurred by the Independent Executor in the total amount of $116,234.23, the sum of $82,121.08 was incurred in pursuit of a futile effort to discover a basis for accusing Rhonda Stadler of some wrongdoing, or in consequence of such pursuit. It was not in the best interest if the Estate of Decedent to expend the sum of $82,121.08.

In reviewing Alsdurf's second issue, we note that he does not specifically attack any of the findings of fact. Rather, Alsdurf's brief alleges globally that there is no factual basis for the findings of fact. Findings of fact in a bench trial have the same force as a jury's verdict upon jury questions. See In re Marriage of Bradley, No. 07-04-0462-CV, 2006 Tex. App. LEXIS 338, *2 (Tex.App.—Amarillo Jan. 13, 2006, no pet.) (mem. op.) (citing City of Clute v. City of Lake Jackson, 559 S.W.2d 391, 395 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.)). However, the findings are not conclusive when a complete statement of facts appears in the record if the contrary is established

9

as a matter of law or if there is no evidence to support the findings. Id. (citing Middleton v. Kawasaki Steel Corp., 687 S.W.2d 42, 44 (Tex.App.--Houston [14th Dist.] 1985), writ ref'd n.r.e., 699 S.W.2d 199, (Tex. 1985) (per curiam)).  Findings of fact are reviewable for factual and legal sufficiency under the same standards that are applied in reviewing evidence supporting a jury's answer. Id. at *3 (citing Zieben v. Platt, 786 S.W.2d 797, 799 (Tex.App.—Houston [14th Dist.] 1990, no writ)).

Our review of trial court conclusions of law is *de novo.* In re Humphreys, 880 S.W.2d 402, 403 (Tex. 1994).  However, as noted above, although findings of fact are reviewable for legal and factual sufficiency, an attack on the sufficiency of the evidence must be directed at specific findings of fact rather than at the judgment as a whole.  In re M.W., 959 S.W.2d 661, 664 (Tex.App.—Tyler 1997, writ denied).

There is some authority for the proposition that a challenge to an otherwise unidentified finding of fact may be sufficient if it is included in the argument of the issue or point, if after giving consideration to the number of the findings of fact, the nature of the case, and the underlying elements of the applicable legal theories, the specific finding(s) of fact which the appellant challenges can be fairly determined from the argument. See Lujan v. Villa, No. 07-01-00277-CV, 2002 Tex. App. LEXIS 3917, at *7 (Tex.App.—Amarillo May 29, 2002, no pet.) (not designated for publication) (citing Holley v. Watts, 629 S.W.2d 694, 696 (Tex. 1982)).  Alsdurf's issue cannot be read to specifically attack any of the findings of fact; rather, it globally attacks them as lacking in evidence without any explanation of what the deficiency in evidence is. Because there is no method to ascertain Alsdurf's true objection to the sufficiency of the evidence, the findings of fact issued by the trial court are binding upon the appellate

10

court.  See Nw. Park Homeowners Ass'n v. Brundrett, 970 S.W.2d 700, 704 (Tex.App.—Amarillo 1998, pet. denied).  The binding nature of the trial court's findings of fact does not prevent this Court from reviewing the conclusions of law drawn from those factual findings.  See Whitehead v. Univ. of Tex. Health Science Ctr., 854 S.W.2d 175, 178 (Tex.App.—San Antonio 1993, no writ).  It is in this vein that we will review *de novo* the trial court's actions in granting Stadler's request to deny payment of Adlsdurf's attorney's fees from the estate corpus.  See In re Humphreys, 880 S.W.2d at 403.

The crux of Alsdurf's complaint is that the sections of the Probate Code that Stadler relied upon to give authority to the trial court to deny Alsdurf's right to pay his attorney from the estate funds were not applicable to this factual situation and, accordingly, there is no legal basis for the trial court's order.  This approach ignores one of the tenants of appellate review of a conclusion of law from a bench trial.  That is, a conclusion of law will be upheld if the judgment can be sustained on any legal theory supported by the evidence.  See Hanford-Southport, LLC v. City of San Antonio, 387 S.W.3d 849, 853 (Tex.App.—San Antonio 2012, pet. filed; (citing BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002)); see also Fischer-Stoker v. Stoker, 174 S.W.3d 272, 277 (Tex.App.—Houston [1st Dist.] 2005, pet. denied) (also citing BMC Software Belgium, 83 S.W.3d at 794).

Therefore, the question becomes whether there is a legal theory that is supported by the evidence that would dictate that we affirm the trial court's judgment.  We begin our legal theory review by noting that Alsdurf, as an Independent Executor, is cast in the capacity of a fiduciary regarding his dealings with the beneficiaries.  See Kappus v. Kappus, 284 S.W.3d 831, 838 (Tex. 2009) (citing Humane

11

Soc'y of Austin & Travis Cnty. v. Austin Nat'l Bank, 531 S.W.2d 574, 577 (Tex. 1975)). As the fiduciary, Alsdurf has the duty to collect claims and recover property due the estate. See § 233. However, this responsibility is not limitless and must be governed by the requirement that he "exercise reasonable care in the administration of the estate property." Mohseni v. Hartman, 363 S.W.3d 652, 656-57 (Tex.App.—Houston [1st Dist.] 2011, no pet.) (the executor shall take care of the property of the estate of his testator or intestate as a prudent man would take care of his own property); see § 230.

Did Alsdurf breach this duty? We need look no farther than the trial court's findings of fact to answer the question. Those unchallenged findings reflect the following:

(1) Alsdurf made an accusation of wrongdoing against Stadler.

(2) After a considerable time, Alsdurf admitted he had no basis for the allegation.

(3) Alsdurf's discovery failed to produce any evidence of wrong-doing on the part of Stadler.

(4) The sum of $82,121.08 was incurred in the futile attempt to find evidence of wrongdoing on the part of Stadler.

(5) The expenditure of that sum of money pursuing Stadler was not in the best interest of the Estate.

It is as a result of these unchallenged findings that the trial court entered its conclusions of law. Specifically, the trial court determined that "the expenditure of $82,121.08 in attorneys' fees by the Independent Executor was not in the best interest of the estate." The record supports the trial court's determination that Alsdurf had no basis to suspect Stadler of stealing money from the estate, and Asldurf so testified at the final hearing.

Section 242 provides that the personal representative shall be entitled to all reasonable attorney's fees necessarily incurred in connection with proceedings and management of an estate. See § 242. However, when the personal representative's own omission or malfeasance is at the root of the litigation, the estate will not be required to reimburse the personal representative for his attorney's fees. See Tindall v. Texas Dep't of Mental Health and Mental Retardation, 671 S.W.2d 691, 693 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). The omission or malfeasance present in this record is simply the action of Alsdurf in not doing anything short of launching a full scale discovery process to chase facts that did not exist and that he had no reasonable basis to think existed. In light of the record before this Court, the trial court did not abuse its discretion in ordering that Alsdurf personally pay the stated attorney's fees and that they not be allowed to be a charge against the estate. Alsdurf's actions in pursuing Stadler violated his duty as a fiduciary toward the estate and beneficiaries. Alsdurf's issue to the contrary is overruled.

Denial of Alsdurf's Motion for Sanctions

Alsdurf next contends that the trial court abused its discretion when it denied his motion for sanctions against Stadler. The motion for sanctions was filed by Alsdurf on November 7, 2011, shortly after Stadler had filed her objection to the payment of Alsdurf's attorney's fees. By the motion, Alsdurf contends that Stadler's intervention was groundless and had no basis in fact or law. Additionally, Alsdurf asserts that Stadler's objection to the payment of Alsdurf's attorney's fees was likewise groundless and had no basis in fact or law. After hearing the evidence, the trial court concluded otherwise. In its findings of fact, the trial court found that:

13

14. Rhonda Stadler acted in good faith in seeking the aid of this Court to determine what allegations were being made against her.

15. The declaratory judgment sought herein sought to determine the basis for the Independent Executor's allegations.

As a conclusion of law, the trial court determined that the declaratory judgment was not groundless nor was it brought in bad faith.

According to Alsdurf, Stadler's original intervention by way of a declaratory judgment action was improper and violated the constraints of section 10.001(2) of the Texas Civil Practice & Remedies Code. See TEX. CIV. PRAC. & REM. CODE ANN. § 10.001(2) (West 2012) (dealing with the representation that each claim, defense, or other legal contention is warranted by existing law or nonfrivolous argument for the extension, or modification of the law). Under Alsdurf's theory, the filing of the declaratory action by Stadler violated this provision because reported cases have held the use of a declaratory judgment action to determine liability in connection with a possible tort situation is not proper. See Abor v. Black, 695 S.W.2d 564, 566-67 (Tex. 1985) (orig. proceeding); Trantham v. Isaacks, 218 S.W.3d 750, 753 (Tex.App.—Fort Worth 2007, pet. denied). However, a closer review of the cases cited reveals that Alsdurf is overstating the rulings.

Abor dealt with a situation where a medical product provider filed a declaratory judgment action seeking a declaration of non-liability in Bell County after the plaintiff's suit which had been filed in state court in Harris County had been removed to federal court. When the diversity claim in federal court was dismissed but before the plaintiff could file a new law suit, the medical product provider filed the declaratory judgment in Bell County. The Texas Supreme Court denied the plaintiff's request for mandamus but

14

set forth the principle of law to which Alsdurf now alludes. Specifically, the court held that the declaratory judgment act under consideration did grant jurisdiction to the courts of Texas to hear suits over declarations of non-liability; however, the particular district court in question should have declined to exercise its jurisdiction because it deprived the real plaintiff of the traditional right to choose the time and place of suit. See Abor, 695 S.W.2d at 566.

Trantham involved a declaratory judgment action filed by an individual to determine if statements he had made in a newspaper article about the other party were defamatory and whether he had any criminal liability pursuant to a provision in the Texas Penal Code. Trantham, 218 S.W.3d at 752. Trantham non-suited his declaratory judgment action one day before the trial court was to hear a plea to the jurisdiction. Id. Thereafter, the other party filed a motion for sanctions and the trial court granted sanctions. Id. The key to the holding in Trantham are two sentences where the appellate court discusses the use of declaratory judgments. First, the court points out that "a potential defendant may not use a declaratory judgment action to determine potential tort liability, because the DJA was not intended to deprive a potential tort plaintiff of the right to decide whether, when, and where to sue." Id. at 753. Further, the court held, "Nor can a civil court issue a declaratory judgment to 'render naked declarations of rights, status or other legal relationships arising under a penal statute.'" Id. (quoting State v. Morales, 869 S.W.2d 941, 947 (Tex. 1994)).

When these two cases are read together, the primary fault was that the party filing the declaratory judgment action was precluding the true "plaintiff" from determining whether, when, and where to sue. In the case at bar, the "where" was set, the probate

15

case was filed in Potter County on March 1, 2010. Further, in our case, Stadler was not asking for a determination of no liability; rather, she sought a basis for the allegation of liability. In the final analysis, all Alsdurf had to do was say why he alleged his sister had taken money or other items from the estate. The end result was not an effort to defeat a potential plaintiff's ability to file and try a law suit but rather an attempt to determine if a law suit was warranted. Because of the factual differences and because the Texas Supreme Court's ruling in Abor- that the defendant could maintain its declaratory judgment action- is still a correct statement of the law, the trial court's determination that Stadler's actions were not in bad faith is not an abuse of discretion. See Abor, 695 S.W.2d at 567; see also Cire v. Cummings, 134 S.W.3d at 838-39 (quoting Downer, 701 S.W.2d at 241). Accordingly, Alsdurf's third issue is overruled.

Removal of Alsdurf and Appointment of Stadler
as Successor Independent Executor

By his fourth issue, Alsdurf contends that the trial court erred in removing him as Independent Executor and appointing Stadler as the Successor Independent Executor. The error alleged revolves around the trial court's judgment of February 8, 2012, wherein the trial court disallowed the attorney's fees for Alsdurf and found that sanctions were not warranted against Stadler. The balance of that order required Alsdurf to close the estate within 30 days of the date of signing of the order. When the estate was not closed within the 30-day period, Stadler filed a motion to remove Alsdurf as Independent Executor for failure to follow the trial court's order on March 13, 2012. The trial court entered its order removing Alsdurf on April 17, 2012.

Alsdurf points this Court to the fact that following the entry of the judgment of February 8, 2012, he filed a motion for new trial. The motion for new trial was overruled by trial court order entered on April 17, 2012. The same day Alsdurf's motion for new trial was overruled, he gave notice of appeal.

Alsdurf's issue revolves around his contention that the trial court erred in removing him as the Independent Executor based on his failure to close the estate within 30 days, as directed in the trial court's order, because he had appealed the order he allegedly failed to follow. (We note that Alsdurf does not otherwise attack the order of removal.) It follows, according to Alsdurf, that the order in question was not then an order on which the removal could be based. This is so, according to Alsdurf, because he could have, on the day the removal order was signed, superseded or suspended the judgment. See TEX. R. APP. P. 24.1(f). Alsdurf then explains he did not do so because he was removed before he had the opportunity to post a bond.

Initially, we have but a singular observation about Alsdurf's statement that he was removed before he had the opportunity to post a bond. The removal of Alsdurf as Independent Executor, but for the ground alleged, in no way prevented Alsdurf from posting a bond or otherwise superseding judgment. Alsdurf simply did not attempt, to this Court's knowledge, to post a bond or otherwise supersede the judgment of February 8, 2012. Alsdurf has pointed to nothing in the record that would support his allegation that he was denied an opportunity to supersede the judgment in question.

When a judgment is appealed, the prevailing party has a statutory right to enforce the judgment pending appeal unless and until the judgment debtor properly

supersedes the judgment. TEX. R. APP. P. 25.1(h); In re Romero, Gonzalez & Benavides, L.L.P., 293 S.W.3d 662, 664 (Tex.App.—San Antonio 2009, orig. proceeding) (citing In re Crow-Billingsley Air Park, Ltd., 98 S.W.3d 178, 179 (Tex. 2003) (orig. proceeding) (per curiam)). If judgment debtor does not supersede the judgment pending appeal, execution on the judgment may go forward. Id.

In an effort to analyze Alsdurf's issue and give full import to its arguments, we have assiduously searched the record for anything that could be construed as an attempt to post bond or otherwise supersede the judgment. We have found nothing. Accordingly, the trial court would have been fully warranted to issue execution on the judgment of February 8, 2012. In our particular case, the applicable form of execution was to give the judgment full force and effect for purposes of the removal of the Independent Executor. Under the facts of this case, without any supersedeas or other method of suspending the judgment, the trial court did not abuse its discretion in removing Alsdurf as Independent Executor. See Cire, 134 S.W.3d at 838-39 (quoting Downer, 701 S.W.2d at 241).

Alsdurf's final complaint is that the trial court abused its discretion when it appointed Stadler as Successor Independent Executor. This is so, according to Alsdurf, because her interests are adverse to the estate's interest. Exactly, how this is so goes unexplained. Alsdurf's position then becomes that the final order is being appealed and is, therefore, open for later resolution. How this imports on Stadler's qualifications to be the Successor Independent Executor again goes unexplained. We presume that Alsdurf's objection is based upon the history between himself and Stadler throughout the litigation in this case. The trial court was also fully aware of these facts.

18

Additionally, it should be noted that Stadler was the designated successor executor under the decedent's will.  As such, she is first on the list for appointment, after the removal of Alsdurf.  See § 77(a).  The question of appointment of a successor is left to the sound discretion of the trial court.  See Guyton v. Monteau, 332 S.W.3d 687, 690 (Tex.App.—Houston [14th Dist.] 2011, no pet.).  The only statutory reference is found in section 78 of the Probate Code and, as applicable to the facts of this case, would serve as a basis for disqualification if the trial court found Stadler to be "unsuitable."  § 78(e).  The legislature has not defined the term "unsuitable" and, accordingly, the determination of the question lies within the trial court's discretion.  See Guyton, 332 S.W.3d at 690.  Based upon the record before us, we have nothing to indicate that the trial court's determination abused its discretion.  See Cire, 134 S.W.3d at 838-39 (quoting Downer, 701 S.W.2d at 241).  Therefore, we overrule Alsdurf's fourth issue.

Conclusion

Having overruled all of Alsdurf's issues, we affirm the judgments of the trial court.


Mackey K. Hancock
Justice

19