**AFFIRMED; Opinion Filed November 13, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01130-CV

**SUSAN E. JONES, Appellant**
**V.**
**KAREN COYLE, Appellee**

**On Appeal from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR-11-01594-1**

## OPINION

Before Justices Bridges, Lang, and Evans
Opinion by Justice Evans

Appellant Susan E. Jones appeals the probate court's denial of a motion requesting that her attorneys' fees be assessed against appellee Susan Coyle. Appellant asserts that it was error for the probate court not to award attorneys' fees against the party who wrongfully withheld property of the estate. We affirm.

### BACKGROUND

Following the death of Frances Hutchins, appellant was appointed independent executrix of the estate. Appellee, a beneficiary under the will of Frances Hutchins, was in possession of the decedent's car, diamond bracelet, and various other personal items. Appellant demanded the return of the decedent's property to the estate but appellee refused to do so. Appellant filed various motions seeking turnover, obtained an unfavorable order, and pursued a successful petition for writ of mandamus to us for which appellant incurred approximately

$27,000.00 in attorneys' fees. In the probate court, appellant argued that she was entitled to recover these attorneys' fees from appellee based on section 242 of the former probate code now recodified at section 352.051 of the estate code effective after the proceedings in the trial court. The probate court declined to award appellant her attorneys' fees from appellee and she filed this appeal.

## ANALYSIS

Appellant argues that the probate court improperly denied appellant's recovery of attorneys' fees and expenses from appellee. We disagree and hold that the trial court did not have the discretion to hold appellee responsible for appellant's attorneys' fees.

Section 242 of the former probate code provided as follows at the time of the trial court proceedings:

> Personal representatives of estates shall also be entitled to all necessary and reasonable expenses incurred by them in the preservation, safekeeping, and management of the estate, and in collecting or attempting to collect claims or debts, and in recovering or attempting to recover property to which the estate has a title or claim, and all reasonable attorneys' fees, necessarily incurred in connection with the proceedings and management of such estate, on satisfactory proof to the court.

Act of March 17, 1955, 54th Leg., R.S., ch. 55, 1955 Tex. Gen. Laws 161, *repealed by* Act of May 26, 2009, 81st Leg., R.S., ch. 680, § 1, 2009 Tex. Gen. Laws 1650. Appellant argues that it was error for the probate court not to assess attorneys' fees against the person who improperly withheld the property from the estate. According to appellant, appellee should have been ordered to pay appellant's attorneys' fees pursuant to section 242 because appellant was the prevailing party and appellee improperly withheld the estate's property. Appellee, however, argues that section 242 does not authorize the probate court to order appellee to pay appellant's attorneys' fees. Instead, appellee argues that executors are entitled to seek recovery of their attorneys' fees and expenses from the estate.

Appellee is correct that Texas has long followed the "American Rule" which prohibits fee awards unless specifically authorized by contract or statute. *See MBM Fin. Corp. v. Woodlands Operating Co., L.P.,* 292 S.W.3d 660, 669 (Tex. 2009); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310–11 (Tex. 2006) ("For more than a century, Texas law has not allowed recovery of attorney's fees unless authorized by statute or contract. This rule is so venerable and ubiquitous in American courts that it is known as 'the American Rule.' Absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees."). Appellant has not cited any precedent for her interpretation of section 242, nor were we able to locate any such precedent.[1] Accordingly, we examine section 242 to determine whether it authorizes fee shifting from appellant to appellee.

We review statutory construction *de novo* when the resolution of an issue requires us to construe statutory language. *See Ustanik v. Nortex Found. Designs, Inc.*, 320 S.W.3d 409, 412 (Tex. App.—Waco 2010, pet. denied). We conduct our analysis as follows:

> The meaning of a statute is a legal question, which we review *de novo* to ascertain and give effect to the Legislature's intent. Where text is clear, text is determinative of that intent. This general rule applies unless enforcing the plain language of the statute as written would produce absurd results. Therefore, our practice when construing a statute is to recognize that "the words [the Legislature] chooses should be the surest guide to legislative intent." Only when those words are ambiguous do we "resort to rules of construction or extrinsic aids."

---

[1] Although the issue of recovery of attorney's fees from an adverse party has not been addressed by a Texas court, Texas courts have discussed when administrators and personal representatives may seek to recover attorneys' fees from the estate funds. *See Dumitrov v. Hitt*, 601 S.W.2d 472, 473 (Tex. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.) (analyzing whether attorneys' fees incurred by former administrator in defending the removal action expenses of administration were properly reimbursable *from estate funds*); *Pouncy v. Garner*, 626 S.W.2d 337, 345 (Tex. App.—Tyler 1981, writ ref'd n.r.e.) (declining an expenditure of *estate funds* for administrator's legal fees because there was no segregation of expenses incurred by administrator for his individual benefit and that of the estate); *In re Estate of Bessire*, 399 S.W.3d 642, 650 (Tex. App.—Amarillo 2013, pet. denied) ("when the personal representative's own omission or malfeasance is at the root of the litigation, *the estate* will not be required to reimburse the personal representative for his attorney's fees.") (emphasis added).

*Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) (citations omitted). Once we determine the proper construction of the statute, we determine whether the trial court properly applied the statute using the applicable standard of review. Generally, challenges to the reasonableness and necessity of attorneys' fees may involve standards applicable to factual determinations but challenges to the equity or justice of attorneys' fees may involve standards applicable to judicial discretion. *See* Hall, W. Wendell, Rodriguez, O. Rey, Kanusky, Rosemarie, and Emery, Mark, *Hall's Standards of Review in Texas*, 42 ST. MARY'S L.J. 1, 212 (2010). Neither party cited nor did we find any authority for the trial court standard for awarding attorneys' fees pursuant to section 242 of the probate code. Based on our resolution of the interpretation of the statute, however, we do not need to decide which standard of review applies to the probate court's refusal to award attorneys' fees in this case.

Section 242 provides that personal representatives of estates "shall . . . be entitled to . . . all reasonable attorneys' fees[] necessarily incurred. . . ." Section 242, however, does not expressly provide whom the probate court should order to pay such fees: the estate or the adversary. Nor does section 242 limit a personal representative's recovery of her attorneys' fees to situations where she prevails. Instead, the statute authorizes fee recoveries "in connection with the proceedings and management of such estate" after listing certain types of proceedings: "collecting *or attempting to* collect claims or debts, and in recovering *or attempting to recover* property to which the estate has a title or claim." (emphasis added). The omission of any requirement in the text for the personal representative to prevail and the express inclusion of "attempting" expands the circumstances in which fee recovery is authorized to include unsuccessful actions by personal representatives, not merely actions in which she prevails. Finally, although "claim," "debt," and "withholding property" present situations where there is an adversary, "preservation, safekeeping, and management of the estate" do not. The statute

–4–

could only shift the personal representative's attorneys' fees for the later activity to the estate. Thus, the statute, by making no explicit provision for adversaries to pay the attorneys' fees distinct from the estate bearing the fees for administrative functions, requires us to interpret the entire statute as mandating the estate bear the personal representative's reasonable and necessary attorneys' fees for all the activities included in section 242. This is consistent with the omission from the text of the statute of a requirement that the personal representative prevail in order to recovery her attorney's fees. Further, under appellant's proposed interpretation, courts would be required to assess a personal representative's attorneys' fees *against* prevailing parties in those cases in which the adversaries succeed in proving that the property was not an asset of the estate or they did not owe a claim or debt to the estate. We cannot conclude that the legislature intended such an absurd result based upon the statutory language before us. *See Summers*, 282 S.W.3d at 437.

Finally, nothing in the text of section 242 prohibits personal representatives from utilizing other statutes that permit recovery of attorneys' fees from adversaries, such as the Texas Theft Liability Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(b) (West 2011). Rather, section 242 of the probate code authorizes an additional source for payment of the personal representative's attorneys' fees: the estate. Thus, section 242 authorizes the probate court to order the estate to pay the personal representative's attorney's fees when not recovered from an adversary pursuant to another statute.

The central thrust of appellant's argument is that it would be just, fair, and right for the legislature to have provided for fee shifting to adversaries of personal representatives who withhold the estate's property. Such policy decisions, however, are appropriately left for the legislature and we decline appellant's request to judicially alter the balance of rights struck by the legislature in section 242. Because section 242 does not authorize appellant's attorneys' fees

to be shifted to appellee, we resolve the first issue against appellant.  As we have ruled against appellant on the first issue, we also resolve the second issue against appellant as it was not error for the trial court to deny attorneys' fees.

## CONCLUSION

We resolve appellant's issues against her and affirm the probate court's judgment.


/ David Evans/
DAVID EVANS
JUSTICE

131130F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SUSAN E. JONES, Appellant

No. 05-13-01130-CV      V.

KAREN COYLE, Appellee

On Appeal from the Probate Court No. 1, Dallas County, Texas
Trial Court Cause No. PR-11-01594-1.
Opinion delivered by Justice Evans.
Justices Bridges and Lang participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee KAREN COYLE recover her costs of this appeal from appellant SUSAN E. JONES.

Judgment entered this 13th day of November, 2014.