

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-15-00102-CV
_____

RONALD WHITTINGTON AND MARY WHITTINGTON, APPELLANTS

V.

JAY GREEN AND CONNIE GREEN, APPELLEES

On Appeal from County Court at Law No. 2
Potter County, Texas
Trial Court No. 101,936-2; Honorable Pamela Sirmon, Presiding

January 27, 2017

ORDER DENYING MOTION FOR REHEARING

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellees, Jay and Connie Green, have filed a *Motion for Rehearing* requesting this court to withdraw its prior opinion,[1] reverse its earlier ruling, and affirm the judgment of the trial court. By three issues, the Greens contend this court (1) failed to consider "multiple, uncontested findings of fact . . . which detail factually the failure of [Appellant,

---

[1] *See Whittington v. Green,* No. 07-15-00102-CV, 2016 Tex. App. LEXIS 13533 (Tex. App.—Amarillo Dec. 20, 2016, no pet. h.)

Ronald Whittington] to maintain the trench" at the center of their dispute, (2) failed to remand the proceeding to the trial court for a determination of the intent of the parties pertaining to the term "excess water," and (3) improperly allowed Whittington to recover attorney's fees for "what is a redundant declaratory judgment claim." For the reasons stated, we deny the motion for rehearing.

The Greens contend this court ignored multiple, uncontested findings of fact entered by the trial court which detail the failure of Whittington to maintain the trench being used to prevent "excess water" from flowing onto their property from Whittington's property. Specifically, they point to *Findings of Fact* 24 (that the south entrance structure "acts as a dam"), 25 (that Whittington's expert "did not testify about the damming effect of the south entrance structure"), and 26 (the diversion pipe was "partially blocked on July 18, 2012").

As Whittington points out in his response, his original briefing in this case clearly argues that there was no evidence that he breached the compromise and settlement agreement that was the subject of the present litigation. Although his challenge may not have specifically identified these three fact findings by number, in the context of this dispute, it was clear that Whittington was contesting his alleged breach of that agreement. *See In re Estate of Bessire*, 399 S.W.3d 642, 649 (Tex. App.—Amarillo 2013, pet. denied) (holding that a challenge to an unidentified finding of fact may be sufficient where it can be "fairly determined from the argument"). Because the findings of fact identified by the Greens were implicitly contested, this court did not fail to consider any undisputed facts.

2

The Greens next contend that this court erred by failing to remand this proceeding to the trial court for a determination of the intent of the parties concerning the term "excess water." An appellate court errs in remanding a case when the record has been sufficiently developed concerning the disputed issue to allow the court to render the judgment the trial court should have rendered. *See* TEX. R. APP. P. 43.3 (providing that an appellate court "must render the judgment that the trial court should have rendered, except when . . . a remand is necessary for further proceedings . . ."). Here, in the context of the settlement of an existing dispute, the phrase "excess water" was used in a strict legal sense. Because interpretation of that phrase was a question of law, further proceedings were not necessary to determine its legal meaning. Accordingly, this court did not err in failing to remand for further proceedings.

Finally, the Greens contend Whittington should not be allowed to recover his attorney's fees "for what is a redundant declaratory judgment claim." Without any substantive analysis, save a citation to *Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 926 (Tex. 2013), the Greens contend "[t]his is an impermissible use of the declaratory judgment statute." The Greens have misconstrued *Coinmach.* In *Coinmach,* the Texas Supreme Court held that in disputes where conflicting possessory interests are governed by a specific statutory scheme (there a trespass-to-try-title cause of action), the litigants may not proceed alternatively under a declaratory judgment cause of action in order to recover their attorney's fees. Such is not the case here. In this proceeding, Whittington sought the interpretation of the *Compromise and Settlement Agreement* as it affected the future responsibilities of the parties to that agreement. *See BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 842 (Tex. 1990)

3

(involving the interpretation of a written agreement "which would have the effect of defining the obligations of the parties under the contract for the foreseeable future").

CONCLUSION

Remaining convinced that our prior opinion appropriately disposed of the issues properly before this court, we deny the Greens' *Motion for Rehearing.*


                                        Patrick A. Pirtle
                                        Justice